Carmen K. Rodriguez
160 E. San Antonio Ave.
Dededo, Guam 96929
Telephone: (671) 632-1745



IN THE UNITED STATES DISTRICT COURT
DISTRICT COURT OF GUAM

04-00029

| CARMEN K. RODRIGUEZ, | ) | CIVIL CASE NO. _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| DONALD H. RUMSFELD, | ) | |
| SECRETARY OF DEFENSE, | ) | |
| and Department of Defense Schools, | ) | |
| and JOSEPH EUGENE MASTERS, | ) | |
| SHARON K. HALL, Douglas S. Kelsey, | ) | |
| Susan E. Burdick, and Gordon Harmon, | ) | |
| and other does, | ) | |
| Defendants. | ) | |

Comes now Plaintiff and herein alleges as follows:

PRELIMINARY STATEMENT/JURISDICTION

1. This is a suit in equity pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e-5 as amended.

2. This Court has jurisdiction pursuant to 42 USC 2000e-16(c) to secure the protection of and to redress deprivation rights, and to provide relief against racial, national origin, and sex discrimination in employment matters.

1

ORIGINAL

3. Plaintiff filed a timely appeal with the Merit Systems Protection Board in June 5, 2003 which removed her from the federal service. A hearing was held at the Guam Mariott Hotel on August 13and 14, 2003 in which the ALJ Carol Teather affirmed the agency's action on January 5, 2004.

4. The Petition for Review before the EEOC was filed on March 9, 2004 and was returned as the Commission concurred with the MSPB decision on April 29, 2004.

## PARTIES

5. Plaintiff, Carmen K. Rodriguez, is a citizen of the United States and is a Chamorro/Hispanic female.

6. Defendant, Donald H. Rumsfeld, is the Secretary of Defense, is the supervisor for the Department of Defense Educational Activity (DoDEA) schools and is an Anglo-American male (White).

7. Defendant, Joseph Eugene Masters, is the school principal for Andersen Elementary School and is an African-American male (Black). He is main participant in this case.

8. Defendant, Sharon K. Hall (Anglo-American/White), is the assistant principal of Andersen Elementary School. Plaintiff had also filed two (2) EEO complaints against Ms. Hall for discrimination. Masters and Hall were co-respondents in the complaints.

CARMEN K. RODRIGUEZ V. DONALD H. RUMSFELD
Civil Case No. _____
COMPLAINT [Civil Rights Act]

9. Defendant, Douglas S. Kelsey, (Anglo-American/White) was the acting Superintendent of Guam DoDEA as well as the deciding official for the removal of the Plaintiff from the federal service. He was also named as the Reviewing official in an EEO complaint filed by the Plaintiff.

10. Defendant, Dr. Susan E. Burdick (Anglo-American/White), is the Deputy Superintendent of Guam DoDEA and was also charged with telephonic harassment by the Plaintiff in which a Police Report was issued on December 5, 2002.

11. Upon information and belief, Defendant is required to be named as the responsible party in this action pursuant to statute, despite that Plaintiff reported to agents and assigns in the Guam District.

12. Plaintiff was at all times relevant an employee of the Department of Defense Educational Activity, Guam District.

## ALLEGATIONS

13. For more than two years, the Plaintiff has been subjected to a hostile working environment stemming from sexual advances both at the worksite as well as socially by principal Masters. This created a climate of fear for the Plaintiff and severely compromised her working conditions.

CARMEN K. RODRIGUEZ V. DONALD H. RUMSFELD
Civil Case No. _____
COMPLAINT [Civil Rights Act]

3

Case 1:04-cv-00029   Document 1   Filed 06/09/2004   Page 3 of 9

14. At all times relevant, Plaintiff managed to perform her duties and carried out the obligations of her employment despite the fact she was terrorized and assaulted on October 11, 2002 by school principal Joseph Eugene Masters.

15. Plaintiff alleges she was subjected to retaliation and disparate treatment after she had filed her Equal Employment Opportunity complaint(s).

16. Beginning September 2000, the Defendant's agents harassed and discriminated against her by subjecting her to a hostile work environment by Defendant and its agents, employees, supervisors, and other persons to whom it delegated authority to act.

17. During the course of her employment and after her involuntary assignment to a position she was uncertified to hold, other nonChamorro employees, namely those of Caucasian and Asian were assigned to the position she had vacated. The decision makers were either Caucasian or Asian or married to one. None of them were of Chamorro decent.

18. The positions were never announced and were strictly done in-house and were handpicked by Defendant's agents without benefit of affording Chamorros or Hispanics from applying for the positions. These nonChamorro or nonHispanic employees were blatantly given employment opportunity for job preference and job stability while Chamorro and Hispanic employees were totally excluded.

CARMEN K. RODRIGUEZ V. DONALD H. RUMSFELD
Civil Case No. _____
COMPLAINT [Civil Rights Act]

4

Case 1:04-cv-00029   Document 1   Filed 06/09/2004   Page 4 of 9

19. Chamorro employees were hesitant to come forward with complaints since the Plaintiff has been the object of repeated reprisals and blatant retaliation by the Defendant's agents. The fear of retaliation and reprisal has permeated the working atmosphere so much so that hardly anyone is discussing the trauma incident or any unfavorable treatment by Defendant's agents concerning working conditions or student programs.

20. The discriminatory treatment of the Plaintiff over a period of two years at the hands of the Defendant's agents has not only denied equal employment opportunities to the Plaintiff but also to other employees and greatly affected educational programs.

21. The Defendant's agents wanted the Plaintiff to serve as an example to the rest of the employees of what would happen to them if they tried to report needed changes for the benefit of the school children.

22. In protecting the needs of the school children and upholding the goals and objectives of the DoDEA Community Strategic Plan, the Plaintiff was viewed as a threat rather than a change agent in the pursuit of the best education for all our school children this side of the Pacific Region.

23. Because of the repeated reprisals and retaliatory actions, the Plaintiff has concluded that the work of Chamorro employees were not appreciated and that only the work of Caucasian/White/Anglo-American, Black or African-American, or Asian or

CARMEN K. RODRIGUEZ V. DONALD H. RUMSFELD
Civil Case No. _____
COMPLAINT [Civil Rights Act]

employees who are married to anyone of these ethnic backgrounds seem to be protected and afforded good employment opportunities.

24. The actions of the Defendant's agents as a whole, constituted blatant discrimination against employees of Chamorro ancestry by exhibiting acts of reprisal and retaliation against the Plaintiff by denying equal and diverse employment opportunities.

25. As a result of the wrongful conduct of the Defendant and or his agents, Plaintiff was denied full participation in school functions, depriving her the opportunity to meet her professional goal of servicing students who were assigned to her by providing continuity in their reading services.

26. As a further result of the wrongful conduct of the Defendant and or his agents, Plaintiff's reputation as an educator in the workplace and in the community was severely damaged.

27. As a further result of the wrongful conduct of the Defendant and or his agents, Plaintiff has suffered severe emotional and physical harm such that she was rendered incapable of returning to work for a long period of time.

28. As a result of the wrongful conduct of the Defendant and or his agents, Plaintiff has had to endure numerous medical office visits because of the extreme stress and

anxiety which played a key role in her deteriorating medical condition. She is currently under medical disability.

29. As a further result of the wrongful conduct of the Defendant and or his agents, Plaintiff is severely restricted in participating in normal activities she used to engage in prior to October 11, 2002 in which her life, health, and livelihood was being threatened as a result of the trauma incident inflicted by the violent outburst of school principal Joseph Eugene Masters with the complete support of Sharon K. Hall, Gordon Harmon, Dr. Susan E. Burdick, and Douglas S. Kelsey, and Robert Sutemeier as well as other DoDEA officials.

THEREFORE, Plaintiff prays that:

1. The Court enter its order finding discrimination in employment practices which ultimately led to the Plaintiff's removal from the federal service against the Defendant and its agents.

2. That the Plaintiff be restored to her position and be compensated for the loss of wages as a result of each act of reprisal or retaliation.

3. That she be compensated with back pay including the restoration of full benefits.

4. That she be compensated for any other damages she proves at trial.

CARMEN K. RODRIGUEZ V. DONALD H. RUMSFELD
Civil Case No. _____
COMPLAINT [Civil Rights Act]

7

Case 1:04-cv-00029   Document 1   Filed 06/09/2004   Page 7 of 9

5. That she be reimbursed for all attorneys' fees paid previously in the course of this case.

6. That she be awarded with compensation which will enable to continue with her future medical care directly related to the trauma incident which occurred on October 11, 2002.

7. For any other relief to which she may be entitled.

8. That she be given a court appointed attorney to enable her to pursue this case since she is currently unemployed and medically disabled.

Respectfully submitted this 9th day of June, 2004.

*Carmen Rodriguez*

Carmen Rodriguez, Pro Se

CARMEN K. RODRIGUEZ V. DONALD H. RUMSFELD
Civil Case No. _____
COMPLAINT [Civil Rights Act]

8

# Certificate of Service

I certify that the attached Documents were sent via certified mail to each of the following:

**Defendant, US Mainland**

Donald H. Rumsfeld
Department of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000

**Defendants, DDESS Guam District**
Joseph E. Masters, Sharon K. Hall, Dr. Susan Burdick,
Douglas S. Kelsey, Gordon Harmon
DDESS Schools Guam
PSC 490 Box 7655
US Naval Hospital Bldg. 100

**Attorney for the United States of America**

Leonardo M. Rapadas
United States Attorney
Sirena Plaza, Suite 500
108 Hernan Cortes Ave.
Hagatna, Guam 96910

Submitted this 9th day of June 2004.

_Carmen Rodriguez_
Carmen Rodriguez, Pro Se