LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 93910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
AUG 2 0 2004
MARY L. M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# TERRITORY OF GUAM

| | |
|---|---|
| CARMEN K. RODRIGUEZ, | CIVIL CASE NO. 04-00029 |
| Plaintiff, | |
| v. | **MOTION TO DISMISS** |
| DONALD RUMSFELD, SECRETARY OF DEFENSE, AND DEPARTMENT OF DEFENSE SCHOOLS, et al., | |
| Defendants. | |

COME NOW the Defendants, through their undersigned attorneys, and move this Honorable Court for an Order, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, dismissing all individually named Defendants except for Donald Rumsfeld, Secretary of Defense.

Besides naming the Secretary of Defense, the Plaintiff has also named in this action several other present and/or former administrators of the Guam District of the Department of Defense Domestic Dependent Elementary and Secondary Schools (DDESS). These other individually named Defendants include: Joseph E. Masters; Sharon K. Hall; Douglas S. Kelsey; Susan E. Burdick; and Gordon Harmon. For the reasons set forth below, these individual Defendants should be dismissed from this action.

1

1       As a sovereign, the United States is immune from suits except where it consents to be sued. United States v. Sherwood, 312 U.S. 584 (1941). However, 42 U.S.C. Section 2000e-16 requires that employment in the executive agencies, as defined by 5 U.S.C. §§ 101 and 105, be "made free" from any discrimination based on race, color, religion, sex, national origin, or reprisal. This statute constitutes a waiver of sovereign immunity.

      Moreover, if an employee of an executive agency (executive department) seeks enforcement of the discrimination provisions of the statute, the statute clearly states that the head of the department must be named as the defendant. *See* 42 U.S.C. Section 2000e-16(c). Specifically, such suits brought against the executive department may name only the Secretary of the appropriate department, in his official capacity, as defendant. *See* Hancock v. Egger, 848 F.2d 87 (6th Cir. 1988). As defined by 10 U.S.C. Section 113, the Department of Defense is the appropriate executive department concerning any action by the plaintiff and its head is the Secretary of Defense. 10 U.S.C. Section 113.

      Plaintiff's Title VII civil complaint against the individual defendants must be dismissed for lack of subject matter jurisdiction since such a claim does not comply with the requirements prescribed for suing the sovereign or for suing a proper party under Title VII. Hancock, *supra* at 88-89. Moreover, only the Secretary of Defense qualifies as an "employer" within the meaning of 42 U.S.C. § 2000e. The other individual Defendants are not "employers" within the meaning of the statute and cannot be sued on a Title VII claim.

//
//
//
//
//

WHEREFORE, Defendants pray this Honorable Court for an Order dismissing all named Defendants except for the Secretary of Defense.

RESPECTFULLY submitted this 20th day of August 2004.

                                          LEONARDO M. RAPADAS
                                          United States Attorney
                                          Districts of Guam and NMI
BY: _____
                                          MIKEL W. SCHWAB
                                          Assistant U.S. Attorney

OF COUNSEL:

ROBERT E. SUTEMEIER
Associate General Counsel
Office of General Counsel
Department of Defense Education Activity (DoDEA)
821 San Carlos Road, Building 3813
Pensacola, Florida 32508-5531
Tel: (850) 452-9401 / Fax: (850) 452-9405

3

## CERTIFICATION

I, Marie Chenery, working in the United States Attorney's Office, hereby certify that a copy of the **Motion to Dismiss** was served by U.S. Mail to:

Carmen K. Rodriguez
160 E. San Antonio Ave.
Dededo, GU 96929

Dated: August 20, 2004

_____
Marie Chenery