

ORIGINAL

FILED
DISTRICT COURT OF GUAM
JUN - 3 2005
MARY L.M. MORAN
CLERK OF COURT



LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 93910
Tel: (671) 472-7332
Fax: (671) 472-7216

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT

## FOR THE

## TERRITORY OF GUAM

| | |
|---|---|
| CARMEN K. RODRIGUEZ, | Civil Case No. 04-00029 |
| Plaintiff, | |
| v. | STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE |
| DONALD RUMSFELD, SECRETARY OF DEFENSE, AND DEPARTMENT OF DEFENSE SCHOOLS, et al., | |
| Defendants. | |

**COME NOW** the Defendants, by and through the United States Attorney for the District of Guam, and submits this Statement of Material Facts As To Which There Is No Genuine Issue in support of their Motion For Summary Judgment:

A. Defendant Department of Defense Domestic Dependent Elementary and Secondary Schools (DDESS) is an organizational element of the Department of Defense Education Activity (DODEA), a DOD Field Activity. Pursuant to section 2164 of title 10, United States Code, DDESS operates elementary and secondary

school systems for dependents of members of the Armed Forces and certain civilian employees of the Federal government residing on military installations in the continental United States, and dependents of military members and Federal agency civilian employees living, residing and working in U.S. territories, possessions, and commonwealths (Guam and Puerto Rico). DDESS established the Guam School District in the summer of 1997 with schools at Andersen Air Force Base and the U.S. Naval Installation.

B. Plaintiff, Carmen R. Munoz, is a Chamorro/Hispanic female. (Plaintiff's Complaint, para. 5). Plaintiff was hired and appointed by Defendant DDESS as an elementary school teacher (first, second, or third grade) at the Andersen Air Force Base Elementary School on 15 September 1997. (Def. Ex. 1). She changed her name from Carmen R. Munoz to Carmen K. Rodriguez on 16 July 1998. (Def. Ex. 2).

C. Defendant, Joseph E. Masters, an Africa-American male, has been named within the Complaint as an alleged discriminating official. (Plaintiff's Complaint, para. 7). At all times pertinent to this lawsuit, Mr. Masters was the Andersen Elementary School Principal and Plaintiff's first-level supervisor. (Id.)

D. Defendant, Sharon K. Hall, a Caucasian female, has been named as an alleged discriminating official. (Plaintiff's Complaint, para. 8). At all times pertinent to this lawsuit, Ms. Hall was the Andersen Elementary School Assistant Principal and Plaintiff's first-level supervisor. (Id.)

E. Defendant, Dr. Susan E. Burdick, a Caucasian female, has been named as an alleged discriminating official. (Plaintiff's Complaint, para. 10). At all times pertinent to this lawsuit, Dr. Burdick was the Deputy Superintendent of the Guam DDESS District. (Id.)

F. Defendant Douglas S. Kelsey, a Caucasian male, has been named as an alleged discriminating official. (Plaintiff's Complaint, para. 9). At all times pertinent to this lawsuit, Mr. Kelsey was the Acting Superintendent of the Guam DDESS District. (Id.).

G. On 12 April 2001 Plaintiff filed a formal complaint of discrimination alleging that she was subjected to a continuing hostile work environment and discriminated against based on race (Chamorro), color (brown), national origin (Chamorro/Hispanic), and reprisal for prior EEO activity. (Def. Ex. 3). In her administrative complaint, Plaintiff alleged the following specific claims:

1. During School Year 2000-2001 she was denied the opportunity to be a member of the School Improvement Program;

2. On 8 December 2000, she was denied the opportunity to attend any of seven professional development training courses which she requested:

3. On 12 September 2000, she was embarrassed when an email message addressed to her regarding missing property was sent to other Department of Defense Dependents Schools;

4. On 15 December 2000, she was issued a Letter of Caution reminding her that she could not tape record conversations at a meeting with Administration officials unless both parties agreed; and

5. In November 2000, she was impeded by Mr. Masters from fulfilling her duties as RIF (Reading Is Fundamental) Coordinator through his refusal to address her scheduling issues.

H. By memorandum dated 13 February 2002, the Agency notified Plaintiff that it was dismissing her complaint of discrimination (Agency No. DD-FY01-08) dated 12 April 2001 for failure to comply with applicable time limits as provided

3

in 29 C.F.R. 1614.105(d). (Def. Ex. 4). That provision requires that an EEO complainant file a formal complaint within 15 calendar days of receipt of the "Notice of Final Interview." Here, Plaintiff receipted for the Notice of Final Interview on 22 March 2001, but did not file a formal complaint with the Agency until 12 April 2001 - - six days past the 15-day calendar deadline of 6 April 2001.

I. Plaintiff appealed the Agency's dismissal of her complaint to the U.S. Equal Employment Opportunity Commission/Office of Federal Operations. (Def. Ex. 5). The Commission denied her appeal by Decision dated 20 June 2002 and affirmed the Agency's dismissal of the complaint for untimeliness. (Def. Ex. 6). Plaintiff thereafter requested reconsideration of this Decision, but her request was denied by Decision dated 200 October 2002. (Def. Ex.7). This Decision ended the administrative processing of Case No. DD-FY01-08.

J. While Plaintiff's first administrative complaint of discrimination (Agency Case No. DD-FY01-08) was being processed, she filed a second formal complaint of discrimination on 14 May 2002. (Def. Ex. 8, p.2).[1] Plaintiff averred discrimination based on: race (Chamorro); color (brown); national origin (Chamorro/Hispanic); sex (female); and reprisal (prior EEO activity). (Id.). The specific claim alleged that on 5 March 2002 a teacher was hired into the position of Reading Specialist at Andersen Elementary School, the position Plaintiff held prior to being involuntarily reassigned to a different teaching position. (Id.; see also Plaintiff's Complaint, para. 17). Shortly before the Agency commenced its formal investigation of Case No. DD-FY02-16, Plaintiff requested an EEOC hearing. (Def. Ex. 8, p. 39).

---

[1] Defendants' Exhibit 8 is a copy of the Agency's Report of Investigation concerning Plaintiff's formal complaint of discrimination dated 14 May 2002.

4

K. On 11 October 2002, an incident occurred between Plaintiff and Mr. Masters in Plaintiff's classroom. (Def. Ex. 9; pp. 2-14).[2] Plaintiff has averred in her Complaint that Mr. Masters "terrorized and assaulted" her on that date. (Plaintiff's Complaint, para. 14). However, the MSPB Administrative Judge did not concur at all with that description of the incident. (Def. Ex. 9; pp. 2-14). The events of that day, along with Plaintiff's subsequent disorderly conduct and failure to follow instructions led to her termination from Federal employment for cause effective 16 May 2003. (Def. Ex. 10; Tab 4o, 4f, 4e, and 4b.).[3]

L. Because of the incident on 11 October 2002, Plaintiff requested the EEOC Administrative Judge in EEOC Case No. 370-A2-X2760, Agency No. DD-FY02-16, to issue an Order for "an indefinite postponement of this case until I can get my health back." (Def. Ex. 11). By Order dated 27 January 2003, the EEOC Administrative Judge dismissed the complaint without prejudice and afforded the Plaintiff the right to reinstate her request for a hearing not later than 27 July 2003. (Def. Ex. 12).

M. On 3 April 2003, the Agency's investigation of EEOC Case No. 370-A2-X2760, Agency No. DD-FY02-16, was completed and forwarded to the EEOC Administrative Judge. (Def. Ex. 13). Thereafter, Plaintiff petitioned to reinstate her request for a hearing (Def. Ex. 14). The Administrative Judge reinstated the complaint, but issued a notice of intent to issue a decision without a hearing.[4]

---

[2] Defendants' Exhibit 9 is a copy of the 5 January 2004 Merit Systems Protection Board Administrative Judge's Decision concerning Plaintiff's appeal from her removal from Federal employment. The incident of 11 October 2002 is discussed at length by the Administrative Judge on pages 2-14.

[3] Defendant's Exhibit 10 is the Administrative File in Carmen Rodriguez v. DDESS, MSPB Docket No. SE-0752-03-0309-I-1.

[4] After reinstatement, the Judge assigned a new EEOC Case Number to the case - - EEOC No. 370-2003-02478X.

Case 1:04-cv-00029    Document 22    Filed 06/03/2005    Page 5 of 7

After allowing Plaintiff the opportunity to respond (Def. Ex. 15), Judge Emily MacMillian issued a Decision dated 21 January 2004 granting summary judgment for the Agency. (Def. Ex. 16). The Agency adopted the Administrative Judge's Decision as the Agency's Final Decision on 18 February 2004. (Def. Ex. 17). This notice advised Plaintiff of her right to appeal this Final Order to the EEOC or file a civil action in U.S. District Court. (Id.).

N. Following Plaintiff's removal from Federal service for cause in May of 2003, Plaintiff filed a mixed case appeal with the U.S. Merit Systems Protection Board. (Def. Ex. 10, Tab 4a). Prior to the hearing, counsel for Plaintiff asserted illegal discrimination by the Agency as an affirmative defense to the removal action. (Def. Ex. 18, para.1, 2, and 5). The MSPB Administrative Judge clarified this allegation of discrimination in a prehearing conference. (Def. Ex. 19; pp. 1-2). Following a full hearing the Administrative Judge found in her Initial Decision that Plaintiff had failed to establish illegal discrimination on any proscribed basis, and she sustained the Agency's action in removing Plaintiff for cause. (Def. Ex. 9; pp. 54-61, 65). The Administrative Judge's Initial Decision advised Plaintiff of her right to request MSPB review of the Judge's Initial Decision, EEOC review of the Board's final decision on discrimination, or judicial review of discrimination issues. (Def. Ex. 9; pp. 65-68). Plaintiff elected to file a petition for review with the EEOC asking for review of a Final Order issued by the MSPB concerning her claim of discrimination. (Plaintiff's Complaint, para. 4). By decision dated 29 April 2004, the EEOC concurred with the final decision of the MSPB finding no discrimination. (Def. Ex. 20).

O. On 9 June 2004, Plaintiff filed the instant Complaint in the United States District Court for the District of Guam. (Plaintiff's Complaint).

6

RESPECTFULLY submitted this 2ND day of June 2005.

LEONARDO M. RAPADAS<br>
United States Attorney<br>
District of Guam and NMI<br>
<br>
By:_____<br>
MIKEL W. SCHWAB<br>
Assistant U.S. Attorney<br>
Sirena Plaza, Suite 500<br>
108 Hernan Cortez Avenue<br>
Hagatna, Guam 93910<br>
Tel: (671) 472-7332<br>
Fax: (671) 472-7216

OF COUNSEL:


ROBERT E. SUTEMEIER
Associate General Counsel
Office of General Counsel
Department of Defense Education Activity (DoDEA)
700 Westpark Drive
Peachtree City, Georgia 30269
Telephone: (678) 364-6462
Facsimile: (678) 364-8074

7

Case 1:04-cv-00029   Document 22   Filed 06/03/2005   Page 7 of 7