

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036

Carmen K. Rodriguez,
Complainant,

v.

Donald H. Rumsfeld,
Secretary,
Department of Defense,
Agency.

Appeal No. 01A22263
Agency No. DD-FY01-08

## DECISION

The Commission finds that the agency's February 13, 2002 decision dismissing complainant's complaint was proper pursuant to 29 C.F.R. § 1614.107(a)(2), for untimely filing of the formal complaint. Complainant alleges that she was discriminated against on the bases of race, color, national origin, and reprisal when:

1. During School Year 2000 - 01, she was denied the opportunity to be a member of the School Improvement Program;

2. On December 8, 2000, she was denied the opportunity to attend any of seven training courses she requested;

3. On September 12, 2000, she was embarrassed when an electronic mail message addressed to her regarding missing property was sent to other Department of Defense Dependents Schools;

4. On December 15, 2000, she was issued a letter of caution;

5. On November 2000, the Principal impeded her from fulfilling her duties as RIF coordinator by not addressing her scheduling issues.

The agency dismissed complainant's complaint finding that she filed her complaint beyond the 15-day limitation period. The record indicates that complainant received the Notice of Right to File on March 22, 2001. Complainant did not file her formal complaint until April 12, 2001, which is beyond the 15-day limitation period. Complainant, on appeal, argues that an extension of time to file her formal complaint was granted by the agency in April 2001. However, complainant has

failed to show that an extension was granted. Complainant was not presented adequate justification to warrant extension of the applicable time limit to file her formal complaint.

The agency's decision dismissing complainant's complaint is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do

so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations


___JUN 2 0 2002___
Date


## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

___JUN 2 0 2002___
Date

Equal Opportunity Assistant

Exhibit 7



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036



Carmen Rodriguez,
Complainant,

v.

Donald H. Rumsfeld,
Secretary,
Department of Defense,
Agency.

Request No. 05A21054

Appeal No. 01A22263
Agency No. DD-FY01-08

## DENIAL OF REQUEST FOR RECONSIDERATION

Carmen Rodriguez (complainant) timely initiated a request to the Equal Employment Opportunity Commission (EEOC or Commission) to reconsider the decision in *Carmen Rodriguez v. Department of Defense*, EEOC Appeal No. 01A22263 (June 20, 2002). EEOC Regulations provide that the Commission may, in its discretion, reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After a review of complainant's request for reconsideration, the previous decision, and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A22263 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request for reconsideration.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or

2                                          05A21054

"department" means the national organization, and not the local office, facility or department in which you work.

<u>RIGHT TO REQUEST COUNSEL</u> (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

OCT 2 2 2002

Date

<u>CERTIFICATE OF MAILING</u>

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

OCT 2 2 2002

Date

*L. Duoug*

Equal Opportunity Assistant



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036 ~~01 JUN 27 PM 8~~

AUG 1 5 2002 *Aug 21, 02*

## REQUEST FOR RECONSIDERATION

Carmen K Rodriguez
160 E San Antonio Av
Dededo, GU  96912

RE: DOD - Education Activity
Docket # : 05A21054
Assoc # : 01a22263
Agency #1: DDFY0108
Agency #2:
Agency #3:
Filed    : 080802

Dear Ms. Rodriguez

Your request for reconsideration has been docketed and assigned the docket number listed above. Please refer to the docket number on all correspondence to this office.

The Commission, in its discretion, may grant the request if the party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the decision will have a substantial impact on the policies, practices, or operation of the agency. 64 Fed.Reg.37644,37659(1999)(to be codified at 29 CFR 1614.405(b)(1) & (2)).

You were required to submit any supporting documents or brief at the time the request was filed. The opposing party shall have 20 days from the date of service in which to submit any brief or statement in opposition. Such brief or statement must be served on the requesting party and proof of service must be included with the submission to the Office of Federal Operations. The Commission will accept statements or briefs in opposition to a request by facsimile transmission (fax number 202-663-7022) provided they are no more than ten (10) pages long.

Sincerely,

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations

cc: DOD - Education Activity
    Dir, EEO
    4040 N Fairfax Dr.
    Arlington, VA  22203-1634

U. S. Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D. C. 20036

RECEIVED

AUG - 5 2002

EEOC
OFO

Re: Appeal No. 01A22263
Agency No. DD-FY01-08
Received July 03, 2002
Typhoon Chata'an struck our island July 04-05, 2002

July 29, 2002

Dear Mr. Carlton M. Hadden:

I am requesting that the Commission reconsider its decision as stated under the Statement of Rights - On Appeal for Reconsideration (M0701) regarding the case above based upon two things:

1.  The appellate decision involved was clearly based upon an erroneous interpretation of material facts presented.

2.  The appellate decision will definitely have a substantial impact on the policies, practices, or operations of the agency.

Supporting documentation will follow.

Respectfully,

*Carmen Rodriguez*

Carmen Rodriguez
Teacher, Andersen Elementary School
Guam District

Cc: Donald H. Rumsfeld
    Department of Defense
    1000 Defense Pentagon
    Washington, D.C.   20301-1000

*sent certified mail*

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
P.O. BOX 19848
WASHINGTON, D.C. 20036
_____
OFFICIAL BUSINESS
Penalty for private use $300

22203+1613  03

U.S. OFFICIAL MAIL
PENALTY
FOR
PRIVATE
USE $300
AUG 16'02
D.C.
PB METER
7251969
== 0.37 ==
U.S. POSTAGE

Exhibit 8

# INVESTIGATIVE FILE





MAR 31 2005

**DD-FY02-16**

---

DOCKET NUMBER

**CARMEN K. RODRIGUEZ**

---

COMPLAINANT

**DEPT. OF DEFENSE EDUCATION ACTIVITY
ANDERSEN ELEMENTARY SCHOOL
ANDERSEN AIR BASE, GUAM**

---

ORGANIZATION FILED AGAINST

**DEPARTMENT OF DEFENSE**

---

COMPONENT FILED AGAINST



> WARNING: All information contained in this report is protected by the Privacy Act of 1974 and must be dealt with accordingly.

# DEPARTMENT OF DEFENSE
## CIVILIAN PERSONNEL MANAGEMENT SERVICE
### OFFICE OF COMPLAINT INVESTIGATIONS



RECEIVED
CERTIFIED FROM DODEA/EEO
APR 3 2003
DODEA GENERAL COUNSEL

# REPORT OF INVESTIGATION

| | |
|---|---|
| **Investigating Office:** | OCI-Sacramento |
| **Agency Docket No:** | DD-FY02-16 |
| **Activity Filed Against:** | Department of Defense Education Activity<br>Andersen Elementary School<br>Andersen Air Base, Guam |
| **Complainant's Name and Address:** | Ms. Carmen K. Rodriguez<br>160 E. San Antonio Avenue<br>Dededo, Guam 96929-5420 |
| **Representative's Name and Address:** | None Designated |
| **Date of Initial Contact w/EEO Counselor:** | March 15, 2002 |
| **Date Complaint Filed:** | May 14, 2002 |
| **Date Investigation Requested:** | September 13, 2002 |
| **Date Request Received by OCI:** | September 23, 2002 |
| **Dates of Investigation:** | November 5, 2002– March 20, 2003 |

**Claim:** Was the Complainant the victim of retaliation, race, color and national origin discrimination on March 5, 2002, because a teacher was hired to the position of Reading Specialist at Andersen Elementary School, the position she held prior to being involuntarily reassigned to a different teaching position (Investigative File [IF] p 33)?

**Relief Requested:** (1) Return her to her former position as Reading Specialist at Andersen Elementary School; (2) cease all reprisal actions and; (3) discipline all administrators to the full extent of the law (IF p 2).

## PART I - BACKGROUND

The Complainant (Hispanic, brown, Chamorro) has been employed by the Department of Defense Education Activity (DoDEA), Andersen Elementary School, Guam, since she was hired as a Mixed Elementary Teacher on September 15, 1997 (IF p 178). Via a management-directed reassignment, the Complainant was reassigned to the position of Compensatory Education Elementary Teacher on August 26, 1998 (IF p 191). Via a second management-directed reassignment, the Complainant was reassigned to the position of Elementary Teacher, on December 9, 2002 (IF pp 201-202). This reassignment was retroactive to August 6, 2001, due to an administrative oversight.

Mr. Joseph E. Masters (African American, Black, Indian/French) was the Principal, GS-14 (IF pp 6, 57). Ms. Sherry Hall (White, white, Irish/English) was the Assistant Principal, AD-08-10 (IF p 70). Mr. Gordon J. Harmon (White, unknown) was the Human Resources Specialist

(Labor Relations) (IF p 352). Dr. Richard S. Tom (unknown) was the District Superintendent (IF p 352).

On or around October 23, 2001, the Domestic Dependent Elementary and Secondary Schools (DDESS) initiated a Recruit/Fill-Establish/Fill action for the permanent position of Reading Recovery Teacher, AD-1701-00, at Andersen Elementary School, Andersen Air Base, Guam. The announcement was open for about 10 days and the area of consideration. The area of consideration was identified as "all sources" (IF pp 232-236). Ms. Jane L. Chop (unknown, no prior EEO activity), who was working as a Reading Recovery Teacher at Killin Elementary School, Okinawa, Japan, submitted an application for the Reading Recovery position on November 1, 2001 (IF pp 238-250). No other applications were received (IF p 252). Ms. Chop was referred for selection consideration on November 30, 2001 and was selected to fill said position on December 6, 2001 (IF pp 257-258, 260-262, 263). The effective date of Ms. Chop's selection was January 27, 2002 (IF pp 269-271).

During the 2001-2002 School Year, Principal John Masters and Assistant Principal Sherry Hall supervised 1 Pre-Kindergarten Teacher, 8 Kindergarten Teachers, 9 First Grade Teachers, 7 Second Grade Teachers, 6 Third Grade Teachers (including Complainant), 7 Fourth Grade Teachers, 6 Fifth Grade Teachers and 1 Reading Recovery Teacher. The remaining 46 staff members included, among others, counselors, musical teachers, art teachers, special education teachers, aides, nurses, a psychologist, a librarian, a secretary, and other office personnel (IF pp 133-135). The Complainant was the only one on staff that had engaged in prior EEO activity.

During the 2002-2003 School Year, Principal John Masters and Assistant Principal Sherry Hall supervised 1 Pre-Kindergarten Teacher, 6 Kindergarten Teachers, 7 First Grade Teachers, 8 Second Grade Teachers, 6 Third Grade Teachers (including Complainant), 6 Fourth Grade Teachers, 6 Fifth Grade Teachers and 1 Reading Recovery Teacher. The remaining 46 staff members included, among others, counselors, musical teachers, art teachers, special education teachers, aides, nurses, a psychologist, a librarian, a secretary and other office personnel (IF pp 136-138). The Complainant was the only one on staff that had engaged in prior EEO activity.

The ethnicity of the 98 staff members at Andersen Elementary School as of March 13, 2001 was 17 Asian/Pacific Islander, 6 Black, 5 Hispanic (including Complainant) and 70 Caucasian (IF pp 129-131). The agency does not record the color or national origin of its employees.

On December 4, 2000, the Complainant contacted the Agency EEO Office and filed an informal complaint of discrimination. Therein, the Complainant alleged discrimination based on race, color, national origin and reprisal because she was: (1) denied the opportunity to be a member of the School Improvement Program (SIP); (2) denied the opportunity to attend any of the seven training classes she requested; (3) embarrassed when an email message sent to her about missing property was also sent to other Department of Defense Dependents Schools; (4) given a Letter of Caution; and (5) prevented from fulfilling her duties as the Reading Is Fundamental (RIF) Coordinator (IF 143-164). The Complainant filed a formal complaint of discrimination, DD-FY01-08, on April 12, 2001 (IF p 165). The complaint was dismissed on February 13, 2002, for failure to comply with applicable time limits (IF pp 167-171). Mr. Masters and Ms. Hall were involved in this complaint (IF pp 143-149, 157).

2

On September 10, 2002, the Complainant requested a hearing before the Equal Employment Opportunity Commission (EEOC) (Referenced in IF p 39). On November 2, 2002, the Complainant contacted the EEOC and requested that the processing of her EEO complaint be held in abeyance "until [she] can get her health back". On November 5, 2002, the EEOC ordered the Complainant to provide a more detailed statement of her medical condition, prognosis and the approximate time she anticipated to recover sufficiently so that she could more fully and competently participate in the hearing process of her EEO complaint (IF p 43). The EEOC also requested that the Agency respond to their Order with regard to its position on holding the case in abeyance or allowing the Complainant to withdraw her complaint without prejudice and reinstate it when she was medically capable to proceed with her complaint.

On November 8, 2002, the Complainant was sent a declaration with a due date of November 20, 2002 (IF pp 51-55). On November 20, 2002, in lieu of a declaration, the Complainant sent a facsimile stating that she was unable to complete her declaration because Mr. Masters had threatened her life, which left her traumatized and unable to return to work (IF p 41). The Complainant also provided a copy of a Temporary Restraining Order she filed against Mr. Masters on October 31, 2002 (IF p 42).

On December 2002, the Agency EEO Office verbally directed the undersigned to proceed with the investigation into said complaint. The undersigned received written notification to proceed with said investigation on February 22, 2003. After being notified of the agency's decision in December 2002, the undersigned spoke to the Complainant's brother regarding the agency's decision to proceed with said investigation and left a message for the Complainant. As of the date of this report of investigation (ROI), no phone call or declaration has been received from the Complainant (IF pp 48, 320).

Because the Complainant would not respond to the undersigned's attempts to get an declaration from her, no rebuttal statement was sent to her. In lieu of the Complainant's testimony, the undersigned referred to her informal and formal complaints. Requests for declarations were also sent to Dr. Tom and Mr. Harmon; however, as of the date of this ROI, no declaration has been received from either gentleman (IF pp 82-97, 99-109, respectively, 320).

## PART II – DISCUSSION AND ANALYSIS

**CLAIMS 1: Was the Complainant the victim of retaliation, race, color and national origin discrimination on March 5, 2002, because a teacher was hired to the position of Reading Specialist at Andersen Elementary School, the position she held prior to being involuntarily reassigned to a different teaching position?**

**Complainant's Testimony**

The Complainant alleges that Mr. Masters, Mr. Harmon and Dr. Tom conspired to:

- Remove her from her position as a Certified Reading Specialist.

- Place her in a non-certified teaching position.

3

- Hire an Anglo-American teacher to replace her as the Certified Reading Recovery Teacher (IF p 2).

The Complainant also claims that Mr. Masters severely punished her by refusing/rejecting every request she made for:

- Training.

- Membership in the SIP.

- Perform her RIF Program Coordinator duties.

- Leave (IF p 2).

## Management's Testimony

Management denies retaliating and discriminating against when they hired Ms. Jane L. Chop to fill the Reading Recovery Teacher position at issue. Mr. Masters and Ms. Hall testify that the Complainant was:

- Reassigned twice - from Mixed Elementary Teacher to Compensatory Education Elementary Teacher in August 1998 and from Compensatory Education Elementary Teacher to Elementary Teacher in August 2002.

- Reassigned in August 2002 for two reasons - because the Pupil-Teacher Ratio for the third grade was too high and to abolish the unauthorized Compensatory Education Elementary Teacher position she occupied at that time.

- Never worked for them as a Reading Recovery Teacher (IF pp 59, 72).

With respect to the Complainant's other assertions, Mr. Masters and Ms. Hall testify that the (Compensatory Education Elementary Teacher position has never been filled. They also testify that the Complainant:

- Was not denied any training (IF p 61, 72).

- Requested and was not selected for membership in the SIP during the 2002 school year. Although Mr. Masters and Ms. Hall did not know why the Complainant was not selected, they recall that the factors considered in selecting individuals for the SIP were prior experience, knowledge, ability to perform the required duties and ability to work with other team members.

- Told them that she was going to be the RIF Program Coordinator during the 2000-2001 School Year. They note that this position is not a school-sanctioned program, but was one the Complainant wanted to do and pursued on her own (IF pp 61, 73).

4

- Possessed a valid classroom teaching certification for Elementary Teacher issued by the Government of Guam (IF p 61), but was not certified to teach at Andersen Elementary School as a Reading Recovery Teacher (IF pp 61, 72).

- Was not selected for training in Japan because she had previously been sent to Okinawa for off-island training, and because there were other staff members who applied for and never been selected for off-island training (IF p 73). Ms. Hall adds that this particular training is targeted for classroom teachers not specialists, noting that at the time this training was offered, the Complainant was not serving as a classroom teacher (IF p 74).

Ms. Hall denied any knowledge of Messrs. Masters, Harmon and Dr. Tom conspiring to remove the Complainant from her position as a Reading Specialist (IF p 74).

In individual Memorandums for the Record, Messrs. Masters and Harmon testify that:

- The Complainant was reassigned to the position of Elementary Teacher for the School-Year 2001/2002 because management needed to increase the third grade standardized reading scores. They elected to use the Complainant to strengthen the Language Arts/Reading skills in the third grade in accordance with the SIP.

- Although the Complainant's official title on her SF50 read Compensatory Education, her organizational title and responsibilities mirrored her utilization of her reading improvement specialist skills (IF pp 66, 78).

- The Complainant was not reassigned to teach Reading Recovery because she did not possess the mandatory teaching certification for Reading Recovery Teacher. Mr. Masters adds that the Complainant did possess a Guam, Department of Education teaching certificate as an Elementary Education Teacher, Compensatory Education Teacher and Reading Improvement Specialist (RIS) (IF p 66).

- The Complainant did not request consideration or movement into the vacant Reading Recovery position prior to her reassignment or EEO complaint. They add that the Complainant did not meet the eligibility requirements – valid and current teaching certificate - for a Reading Recovery Teacher (IF pp 66, 78).

**Documentary Evidence**

The evidence collected for this position consisted of the following: Department of Education, Government of Guam letter dated July 8, 1997; DoDEA letter dated August 14, 1997; Standard Form (SF) 50s dated September 15, 1997, August 26, 1998, July 30, 1999, and August 6, 2001; Mr. Masters' Memorandum for the Record dated November 29, 2002; Unsigned Referral and Selection List dated November 30, 2001; DDESS Modern DCPDS Quick Sheet #2; Jane Chop's application, Jane Chop's Qualification Worksheet; signed Referral and Selection List; Ms. Chop's appointment letter dated December 10, 2001; SF 52 and 50 dated January 27, 2002, the Complainant's prior EEO complaint; and DoDEA Executive Personnel Databases for the Complainant and Ms. Chop:

- The Department of Education, Government of Guam letter dated July 8, 1997, documents that the Complainant was advised on July 8, 1997, that her position as Reading Specialist at Carbullido was being abolished due to budget concerns (IF p 176).

- The DoDEA letter dated August 14, 1997, documents the school, estimated salary, teacher reporting date, estimated start date for the school and the type of appointment for Teacher, Elementary School Grades One/Two/Three (IF pp 178-180).

- The SF50 September 15, 1997, documents the Complainant's selection at Andersen Elementary School as a Mixed Elementary Teacher (IF pp 182-183).

- The SF 50 dated August 26, 1998, documents the Complainant's management-directed reassignment from Mixed Elementary Teacher to Compensatory Education Elementary Teacher (IF p 191).

- The SF 50 dated July 30, 1999, documents the termination of the Complainant's recess appointment as a Compensatory Education Elementary Teacher (IF p 225).

- The SF 50 dated August 6, 2001, documents the Complainant's management-directed reassignment from Compensatory Education Elementary Teacher to the position of Elementary Teacher at Andersen Elementary School (IF p 201-202).

- Dr. Harmon's Memorandum for the Record dated November 29, 2002, documents that the Complainant could have expressed her interest in the Reading Recovery Teacher position at any time and could have been referred for that position if she had met the credential requirements. The Memorandum for the Record notes that because the Complainant did not possess a valid or current Professional Teaching Credential and/or Teaching Certificate for the Reading Recovery category; she was not referred for it (IF p 78).

- The DDESS Modern DCPDS Quick Sheet #2, Revised on October 23, 2001, documents the position number, title, pay plan, pay basis, organization and accounting codes, duty station/geographic location, bargaining unit code, work schedule, permanent position and area of consideration. No period of advertisement, opening date, closing date of salary range annotated on the form (IF pp 232-236).

- Ms. Chop's application and her DoDEA Executive Personnel Database document that she was working as a Reading Recovery Teacher/Language Arts/Reading Specialist Teacher at the DoD Education Activity, DODDS-Pacific, Okinawa District, Killin ES, as well as her most current performance appraisal and DoDDS certifications (IF pp 238-250, 281-282).

- The Referral and Selection List issued November 30, 2001, document that said list expired on December 31, 2001 and that Ms. Chop was the only candidate (IF p 257-258).

- Ms. Chop's appointment letter dated December 10, 2002 and the SF 50 dated January 27, 2002, documents, among other things, her selection for a position as a Reading Recovery

6

Teacher at the Andersen Elementary School, Andersen Air Force Base, Guam for two years beginning on or about January 15, 2002 (IF pp 260-267, 271).

- The SF 52/50 document that the effective date of Ms. Chop's selection was January 27, 2002 (IF pp 269-271).

- The Complainant's DoDEA Executive Personnel Database as of September 13, 2002, documents that she had no teaching certifications (IF p 284).

- The concerns the Complainant raised about training, RIF Coordinator and SIP Program were also raised in her prior EEO complaint (IF pp 143, 145, 146, 147, 149, 163, 166).

Management provided the neutral response that Ms. Jane Chop was not hired to replace the Complainant in a position she was moved out of. Management's response is credible as evidenced by the vacancy announcement, Ms. Chops' application and DoDEA Executive Personnel Database and the SF 50s documenting her selection for the position of Reading Recovery Teacher. These documents also show that Ms. Chop's previous position was Reading Recovery Teacher and that she had a valid and current DoDDS Certificate for Reading Recovery Teacher.

Management also provided the neutral response the Complainant never worked at their school as a Reading Specialist. Management's response is credible as evidenced by the Complainant's SF 50s, which show that the only positions the Complainant held at Andersen Elementary School were Mixed Elementary Teacher and Compensatory Education Elementary Teacher. Furthermore, the Complainant's DoDEA Executive Personnel Database shows that during the time at issue, the Complainant did not have a valid and current teaching certificate for Reading Recovery Teacher. Lastly, according available documentation, the Complainant worked as a Reading Specialist at Carbullido, Guam, before she accepted the position of Mixed Education Teacher at Andersen Elementary School in 1997.

Rudene Johnson
Investigator

7

# INDEX

Investigative File
Complaint of Ms. Carmen K. Rodriguez
Agency Docket No. DD-FY02-16

## EXHIBIT A - Formal Complaint Documents                                    PAGE

1. Formal Complaint of Discrimination ............................................................................................1

## EXHIBIT B – EEO Counseling Documents

1. EEO Counselor's Report, attachments, and related correspondence ............................................3
2. Notice of Rights and Responsibilities .........................................................................................22
3. Notice of Final Interview ............................................................................................................25

## EXHIBIT C – Claims to be Investigated

1. Notice of Receipt .........................................................................................................................29
2. Notice of Acceptance ...................................................................................................................32

## EXHIBIT D – Attempts at Resolution

Reserved ............................................................................................................................................36

## EXHIBIT E - Appellate Activity

Reserved............................................................................................................................................37

## EXHIBIT F - Evidence

1. Request for Hearing, Complainant.................................................................................................38
2. Complainant's request for complaint to be held in abeyance ........................................................40
3. Agency's response to Complainant's request for abeyance ...........................................................46
4. Request for Declaration sent to Complainant ...............................................................................50
5. Declaration, Mr. Joseph E. Masters..............................................................................................56
6. Memorandum for the Record, Mr. Joseph E. Masters ..................................................................65
7. Declaration, Ms. Sherry Hall .......................................................................................................69
8. Memorandum for the Record, Mr. Gordon J. Harmon .................................................................78
9. Declaration sent to Dr. Richard S. Tom ........................................................................................81
10. Declaration sent to Mr. Gordon J. Harmon...................................................................................98
11. Declaration, Ms. Chandra Vickers..............................................................................................110
12. Declaration, Ms. Karen Adelman ...............................................................................................121
13. Workforce Profile/Prior EEO Activity Data...............................................................................127
14. Andersen Elementary Staff, School Years 2001-2002 and 2002-2003.......................................132
15. Complainant's Prior EEO Activity .............................................................................................139
16. Chronology of Events .................................................................................................................172
17. Memorandum, July 8, 1997, Department of Education, Government of Guam, Subject: Reading Specialist ....175
18. DoDEA Congratulations letter sent to Complainant, August 14, 1997.......................................177
19. Standard Form (SF) 50, September 15, 1997, documenting Complainant's excepted appointment ..................181
20. Position Description # 0100, Teacher (Mixed Elementary), September 22, 1997.........................184
21. SF50, July 16, 1998, documenting Complainant's name change ................................................188
22. SF50, August 26, 1998, documenting Complainant's reassignment to Teacher (Compensatory Education Elementary)..........................................................................................190
23. Position Description #0460, Teacher (Compensatory Education Elementary), September 2, 1997 ..................192
24. Complainant's Performance Appraisal, May 1, 2000-April 30, 2001 .........................................196
25. SF52/50, August 6, 2001, documenting Complainant's reassignment to Teacher (Elementary) ..................200

26. Position Description #0101, Teacher (Elementary), September 22, 1997 ........................................................203
27. Complainant's Performance Appraisals for April 20, 1998-April 30, 1999, April 30, 1999-April 30, 2000 and
    August 1, 2001-June 30, 2002 ................................................................................................................207
28. SF50, July 30, 1999, documenting the termination of Complainant's excepted appointment ...........................224
29. SF50, July 1, 2001, documenting Complainant's pay adjustment ..................................................................226
30. SF52 Recruitment Action, undated.............................................................................................................228
31. DDESS Vacancy Announcement, Teacher (Reading Recovery), Revised October 23, 2001 ...........................231
32. Jane L. Chop's Application .......................................................................................................................237
33. Jane L. Chop's Qualification Worksheet .....................................................................................................251
34. Referral and Selection List .......................................................................................................................256
35. DoDEA Congratulations letter sent to Jane L. Chop ...................................................................................259
36. SF51/50, undated, documenting Jane Chop's conversion to an Excepted Appointment ...................................268
37. Additional data requested to supplement the record ....................................................................................272
38. Investigator's Declaration..........................................................................................................................319

## EXHIBIT G – Miscellaneous Documents

OCI Processing Documents ................................................................................................................................321

## EXHIBIT H - Documents Relating to Compensatory Damages

Reserved ..........................................................................................................................................................380

The documents in this file were provided by agency sources and have not been altered. Documents which were duplicated have been removed from the file and any reorganization of documents noted in the record. * *Denotes any document relocated from EEO Counselor's Report.*



# Exhibit A