

# Exhibit
# B-2

22

## AGGRIEVED PERSON'S RIGHTS AND RESPONSIBILITIES

### RIGHTS

A. The right to representation of his/her choice (29 CFR 1614.605).

B. The right to file a grievance if covered under the collective bargaining unit (29 CFR 1614.301)

C. The right to file a mixed case complaint or a mixed case appeal, but not both if action(s) complained about is (are) appealable to the Merit System Protection Board (MSPB) (29 CFR 1614.302).

D. If alleging age discrimination, the right to file an administrative complaint under 29 CFR 1614 or to bypass the administrative process and file a civil action in a U.S. District Court. In the latter case, the aggrieved person must give EEOC not less than 30 days notice of intent to file such an action (29 CFR 1614.201). This notice must be filed, in writing, with the EEOC, Federal Sector Programs, 1801 L Street, NW, Washington, DC 20507, within 180 days of the occurrence of this alleged unlawful practice.

E. The right to remain anonymous (29 CFR 1614.105g).

F. The right to request a hearing by the EEOC (29 CFR 1614.108f).

G. The right to file a class complaint (29 CFR 1614.105b).

### RESPONSIBILITIES

A. The aggrieved person must provide any necessary documentation to the EEO counselor.

B. The aggrieved person must keep the chief EEO counselor informed of any change in his/her status of employment, i.e., duty locations, phone number, mailing address, home phone (29 CFR 1614.105b).

C. The aggrieved person must tell the chief EEO counselor if he or she is represented an by whom, and must inform the chief counselor of any change in representation (29 CFR 1614.605b).

D. The aggrieved person must furnish the agency the copies of his/her appeal papers (29 CFR 1614.105b).

E. The aggrieved person must fully cooperate with counselors, investigators, etc. (29 CFR 1614.605e).

Complainant's Signature/Date: _Carmen Rodriguez    15 Mar 02_

23

## USE OF NAME

Date: _15 Mar 02_

✓ I authorize the EEO counselor to use my name in conducting an inquiry into my complaint of discrimination.

_____ **I do not** authorize the EEO counselor to use my name in conducting an inquiry into my complaint of discrimination.

_Carmen Rodriguez_
COMPLAINANT'S NAME

_DoDEA_
ORGANIZATION OR ADDRESS

_366-1511_
TELEPHONE NUMBER

_Carmen Rodriguez_
SIGNATURE OF COMPLAINANT

24



# Exhibit
# B-3

25

# FINAL EEO COUNSELING INTERVIEW NOTICE

**References: 29 CFR Part 1614.105(d) and 29 CFR Part 1614.106(a)-(c)
EEOC MD-110, Chapter 2 VI D and Appendix F**

Date: April 18, 2002

TO: Ms. Carmen Rodriguez.
160 E. San Antonio Ave.
Dededo, Guam 96912

## NOTICE

This notice is to inform you that on the above date the final counseling interview was held in connection with the matter you presented to the EEO Counselor

If you believe the matter you have raised has not been resolved and if you believe you have been illegally discriminated against on the basis of race, color, religion, sex, national origin, age (40 or over), disability, or retaliation or reprisal for having participated in previous EEO protected activity or in opposition to Agency discriminatory practices, you have the right to file a formal complaint of employment discrimination **within 15 calendar days after receipt of this notice.**

If you elect to file a formal complaint of employment discrimination you should, but you are not required, complete the attached Formal Complaint of Discrimination in the Federal Government form. Whether or not you utilize the attached formal complaint form, your formal complaint must:

a. Be in writing.

b. Describe the action(s) or practice(s) that form the basis of the complaint. A formal complaint of employment discrimination may not raise claims or issues that are unlike or unrelated to those raised with the EEO Counselor in the pre-complaint processing stage.

c. Be filed within **15 calendar days after receipt of this notice**. A complaint will be deemed timely if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it received by mail within five days of the expiration of the filing period. *(143)*

*26*

d. Be filed, either in person or by mail with:

> Department of Defense Education Activity
> Equal Employment Opportunity Office
> 4040 N. Fairfax Drive
> Arlington, VA 22203-1635

e. State whether you have filed a grievance on the same claims under a negotiated grievance procedure or have appealed to the U.S. Merit Systems Protection Board on the same claims.

f. Contain an address and a telephone number where you can be contacted. If you retain an attorney or a representative, you, or your attorney or representative, must inform the Equal Employment Manager of that person's name, address, and telephone number.

g. Be signed and dated by you or your attorney.

Once your complaint reaches the formal stage, the complaint file, or part of it, may be shared with those who are involved and need access to it. Your identity does not remain confidential in the formal complaint process.

a. You are further advised of your right to file a class complaint, that is, a complaint of employment discrimination filed on behalf of a class by an agent of the class (e.g., a class member who acts for the class during the processing of the complaint) alleging that:

(1) The class is so numerous that a consolidated complaint of members of the class is impractical;

(2) There are questions of fact common to the class;

(3) The claims of the agent of the class are typical of the claims of the class; and

(4) The agent of the class, or, if represented, the representative, will fairly and adequately protect the interests of the class.

b. A "class" is defined in statute as "a group of employees, former employees or applicants for employment who, it is alleged, have been or are being adversely affected by an agency personnel management policy or practice that discriminates against the group on the basis of their race, color, religion, sex, national origin, age or handicap." Reference 29 CFR §1614.204(a)(1).

c. In addition to the requirements described in paragraph 3 above, a class complaint must: (143)

27

(1) Identify the policy or practice that is claimed to be adversely affecting the class;

(2) Identify the specific action or matter affecting the class agent; and

(3) Be signed by the agent of the class or representative.

d. 29 CFR §1614.204(b): "A complainant may move for class certification at any reasonable point in the process when it becomes apparent that there are class implications to the claim raised in the individual complaint. (However), (t)he administrative judge shall deny class certification when the complainant has unduly delayed in moving for certification."

e. If you wish to file a class complaint, contact the Equal Employment Opportunity Office to obtain information about the class complaint processing procedures and the responsibilities of the class agent. *(143)*

//S//
Chandra M. Vickers
EEO Counselor

Receipt acknowledged.

*Carmen Rodriguez*            30 April 02
Signature                            Date

28



# Exhibit
# C-1

29



**DEPARTMENT OF DEFENSE**
**EDUCATION ACTIVITY**
4040 NORTH FAIRFAX DRIVE
ARLINGTON, VIRGINIA 22203-1635

Ms. Carmen K. Rodriquez
160 E. San Antonio Ave.
Dededo, Guam 96929-5420

MAY 14 2002

Dear Ms. Rodriquez:

This acknowledges receipt of your formal complaint of employment discrimination DD-FY02-16. Please refer to this docket number in all future correspondence you may have concerning this complaint.

Your formal complaint of employment discrimination was filed with this office on May 14, 2002. No decision has been made whether to accept or dismiss in part or in entirety your complaint. You will be notified of this decision shortly.

If the decision is to dismiss your complaint, you will have the right to appeal the decision. A full explanation of this right will be provided to you in the notice.

If the decision is to accept your complaint, the following applies:

a. The Agency is required to conduct an impartial and appropriate investigation within 180 calendar days of the filing of the complaint, unless you agree in writing to extend the time period. If, during this period, you amend your complaint, and the amendment is accepted for joint processing with this complaint, the Agency is required to complete its investigation within the earlier of 180 calendar days after the last amendment which has been accepted for joint processing with this complaint or 360 calendar days after the filing of this complaint.

b. You may request a hearing before an Administrative Judge (AJ) appointed by the Equal Employment Opportunity Commission (EEOC) anytime after 180 calendar days have elapsed from the date the complaint was filed. Such requests should be made to:

Equal Employment Opportunity Commission
901 Market Street, Suite 500
San Francisco, CA 94103

c. Alternatively, you may request a final Department of Defense Education Activity (DoDEA) decision on your complaint or a hearing from an AJ appointed by EEOC within 30 calendar days of receipt of the report of investigation that will be developed on your complaint. The notice transmitting a copy of the report of investigation to you will inform you of your election rights and procedures for exercising them.

*30*



If it is determined that your complaint is related to or stems from an action that can be appealed to the U.S. Merit Systems Protection Board (MSPB) (a so-called "mixed case") and if you have not received a final DoDEA decision within 120 calendar days of the filing of your complaint, you may appeal to the MSPB, file a civil action in an appropriate U.S. District Court, or wait until you have received a final DoDEA decision. If you elect to wait until you have received a final DoDEA decision, you may thereafter elect to appeal the final DoDEA decision to MSPB or file a civil action in an appropriate U.S. District Court. A full explanation of these rights and options will be provided to you if it is determined that your complaint is a "mixed case."

If the decision is to accept some of the claims in your complaint and dismiss others, you will be notified of this determination. The dismissed claims will not be investigated. The determination to dismiss some of the claims in your complaint is reviewable by the AJ appointed by EEOC should you request a hearing, or by DoDEA should you request a final DoDEA decision on your complaint.

You are advised to take no action until you have received the notice informing you of the decision to accept or dismiss your complaint.

If you have any questions concerning this complaint or about processing procedures, please contact Mr. James Trabue, EEO Specialist assigned to the case at the letterhead address, (703) 696-9056 extension (2404) (voice), or (703) 696-9059 (facsimile), or e-mail jtrabue@hq.odedodea.edu.

Don Clore
Complaints Mgr.

*31*



# Exhibit
# C-2

32



**DEPARTMENT OF DEFENSE**
**EDUCATION ACTIVITY**
4040 NORTH FAIRFAX DRIVE
ARLINGTON, VIRGINIA 22203-1635

JUL 1 5 2002

Ms. Carmen K. Rodriquez
160 E. San Antonio Ave
Dededo, Guam 96929-5420

References:  (a) Your formal complaint, filed by facsimile on May 14, 2002.
   (b) Equal Employment Opportunity (EEO) Counselor's Report,
       dated May 21, 2002, enclosed.
   (c) Title 29 of the Code of Federal Regulations, (CFR), Part 1614.

Dear Ms. Rodriquez:

This refers to your complaint of discrimination, assigned Agency Docket Number
DD-FY02-16. Please refer to this number on all future correspondence. The complaint will be
processed in accordance with reference (c).

**Background:**

On March 12, 2002, you contacted the EEO office to initiate counseling, after it was
announced on March 5, 2002, that a Anglo-America had been hired to teach reading to grades 2,
3, 4. and 5 at Andersen Elementary School. You alleged that you were discriminated against
based on race (Chamorro), color (brown), national origin (Chamorro/Hispanic), sex (female) and
reprisal for prior EEO activities, after being involuntary reassigned. On May 14, 2002, you filed
a formal complaint. On May 14, 2002, the EEO office acknowledged receipt of your formal
complaint.

**Discrimination Claim Accepted:**

Based on a review of references (a) and (b), the accepted claim is:

Based on race (Chamorro), color (brown), national origin (Chamorro / Hispanic), and
reprisal for prior EEO activities (DD-FY01-08), when:

On March 5, 2002, you became aware that a teacher had been hired to the position of
Reading Specialist at Anderson Elementary School which was the position you held prior to you
being involuntarily reassigned to a different teaching position.

33

If you believe that the claim in your complaint has not been correctly identified, please notify this office in writing. Your response must be postmarked within 5 calendar days of receipt of this letter and each claim must specify the date of occurrence, the responsible management official, and why you believe the claim has not been correctly identified. This statement shall become a part of the complaint file.

## Complaint Processing:

The Department of Defense Education Activity (DoDEA) is required to conduct an impartial investigation of the complaint within 180 calendar days of March 5, 2002, unless you agree in writing to extend the time period for up to an additional 90 calendar days. You will be notified if it becomes necessary to ask for an agreement to extend the investigation period beyond the initial 180-calendar-day period. You are not obligated to agree to extend the investigation period. If the 180-calendar-day investigation period has elapsed and you have not requested to agree in writing to extend the period for up to an additional 90 calendar days, you may request a hearing before an Administrative Judge (AJ) appointed by the U.S. Equal Employment Opportunity Commission (EEOC).

Action will be initiated to secure the services of an investigator from the Department of Defense Office of Complaint Investigations (OCI). OCI will notify you of the investigator's name and when he/she intends to begin the investigation of your complaint.

Upon completion of the investigation, you will be provided a copy of the investigative file, called the Report of Investigation (ROI), along with notification of the right to request a hearing before an AJ appointed by EEOC or a final decision on your complaint from DoDEA. If, after your receipt of the ROI, or, after the investigation period has elapsed as described above, you wish to request a hearing before an AJ appointed by EEOC, you should direct your request to the following office:

Equal Employment Opportunity Commission
San Francisco District Office
901 Market Street, Suite 500
San Francisco, CA 94103

At this time, you may not request a hearing before an AJ appointed by EEOC. You must wait until you have received either the ROI, or the 180-calendar-day investigation period has expired.

If you request a hearing before an AJ appointed by EEOC, the Judge's decision will be transmitted to DoDEA Headquarters. DoDEA will issue a Final Order specifying whether it intends to fully implement the AJ's decision or not. You will have the right to appeal DoDEA's Final Order to EEOC or to file a civil action in an appropriate U.S. District Court. These rights will be contained in the Final Order decision.

34

Likewise, if you request a Final Agency Decision (FAD) on your complaint from DoDEA, you will be notified of the decision and provided information concerning your right to appeal the FAD to the EEOC or to file a civil action in an appropriate U.S. District Court. Again, these rights will be contained in DoDEA's FAD issuance.

If you do not elect to request a hearing before an AJ appointed by EEOC or a FAD from DoDEA within 30 calendar days after receipt of the ROI, DoDEA Headquarters will issue a FAD.

If during the investigative period, you amend your complaint, the investigation period may be extended for 180 calendar days after the last amendment up to a maximum period of 360 calendar days from March 5, 2002. You will still have the right to request a hearing before an AJ appointed by EEOC if you have not received a ROI at the end of 180 calendar days from March 5, 2002, unless you have agreed to extend this period as discussed above. An amendment to your complaint must be limited to issues or claims that are like or related to those raised in the original complaint.

If you have questions concerning your rights, the Federal Sector EEO discrimination complaints processing system, or the contents of this notice, please contact Mr. James A. Trabue, EEO Specialist at the letterhead address, (703) 696-9056 ext. 2404 (voice), (703) 696-9059 (facsimile), or jtrabue@hq.odedodea.edu (e-mail).

Sincerely,

Alina Doreste-Johnson
Chief, Equal Employment
Opportunity

Enclosure:
As stated

cc: Mr. Garth Terry, Agency Representative

35



# Exhibit
# D
# [RESERVED]



# Exhibit
# E
# [RESERVED]

37

# Exhibit

# F-1



38

Department of Defense Educational Activity
4040 North Fairfax Drive
Arlington, Virginia     22203-1632

# Fax



| **To:** | James Trabue | **From:** | Carmen Rodriguez |
|---|---|---|---|
| **Fax:** | 703-696-9059 | **Pages:** | 1 |
| **Phone:** | 703-696-9056    ext. 2404 | **Date:** | 9/10/2002 |
| **Re:** | Request for a Federal hearing | **CC:** | EEOC |

**X Urgent**     ☐ **For Review**     ☐ **Please Comment**     **X Please Reply**     ☐ **Please Recycle**

● **Comments:**

Mr Trabue:

I would like to request for a hearing regarding my case.  Please let me know all that is needed in order to expedite this request.


Sincerely,

Carmen

*39*



# Exhibit
# F-2

40

Carmen Rodriguez
160 E. San Antonio Ave.
Dededo, Guam  96929-5420

# Fax

| **To:** | DoD Civilian Personnel Management Service Office of Complaint Investigations Attention: Investigator Rudene Johnson | **From:** | Carmen Rodriguez (671-632-1745) |
|---|---|---|---|
| **Fax:** | 916-498-6527 | **Pages:** | 3 |
| **Phone:** | 916-498-5332 | **Date:** | 11/20/02 |
| **Re:** | EEOC No. 370-A2-X2760 Agency No. DD-FY02-16 | **CC:** | |

X Urgent     ☐ For Review     ☐ Please Comment     ☐ Please Reply     ☐ Please Recycle

**Dear Investigator Johnson,**

**Although I am pleased to receive your letter dated 08 Nov 02, it took approximately 11 days to get to me even with priority mail. Because I do not live in the continental United States, I would like to recommend that time-sensitive documents be sent via certified mail. I have had to rely on this method of mail transport regularly. The time requirement to complete the written testimony requested is impossible for me to meet because of my current medical condition due to the trauma inflicted by Mr. Joseph E. Masters when he threatened my life on 11 Oct 02 in my classroom in the presence of my students during class instructional time between 8:00 and 8:10 a.m. The attachments should provide some idea of my status and a medical evaluation will be forthcoming. I have been under doctors' care for more than a month now and have not returned to work. A police report has been filed and a criminal investigation for terrorizing and assault vs. Mr. Masters is also in progress.**

**I appreciate all the time you have spent taking over this case.**

**Attachments:**            *41*

1. *Temporary Restraining Order (Rodriguez vs. Masters).*

2. *Order from the Honorable Emily K. MacMillin, Administrative Judge, EEOC.*

**GUAM LEGAL SERVICES CORPORATION**
113 Bradley Place
Hagåtña, Guam 96910
Telephone No.: (671) 477-9811
*Counsel for Plaintiff*

**IN THE SUPERIOR COURT OF GUAM**

**163 8-02**

CIVIL CASE NO. CY
CY

| | |
|---|---|
| **CARMEN KATHERINE RODRIGUEZ,**<br>Plaintiff,<br><br>vs.<br><br>**JOSEPH E. MASTERS,** Defendant. | **ORDER TO SHOW CAUSE**<br>**TEMPORARY RESTRAINING**<br>**ORDERS**<br><br>RE-ISSUED:___ |

**TO:  JOSEPH E. MASTERS,** *Defendant.*

**YOU ARE  ENJOINED AND RESTRAINED**  until the date of the hearing  from:

1. **Threatening, abusing, molesting, harassing or disturbing the peace of Plaintiff and from coming within
   500      feet  of Plaintiff and Plaintiff's residence;**

2. **Contacting the Plaintiff, directly or indirectly, by telephone, letter or through third party.**

   **ANY COMMUNICATION INITIATED BY PLAINTIFF DOES NOT WAIVE OR NULLIFY THIS ORDER.**

**NOTICE TO APPEAR:  YOU ARE  COMMANDED** to appear on __NOV 18 2002__      at  9:00
**O'CLOCK A.M.,** in the Superior Court of Guam, TO SHOW CAUSE why the above orders, including such
orders as have been requested by Plaintiff in the petition/complaint, should not continue or be made permanent,
as well as any other orders the Court deems necessary for the protection of the Plaintiff and the Plaintiff's family.

__X__ Surrender any and all firearms, firearm IDs, and firearm permits, in Defendant's control and/or possession to
the Superior Court Marshals.

**The GUAM POLICE DEPARTMENT and SUPERIOR COURT MARSHALS shall enforce this Order.**

Original Signed By:
**HON. STEVEN S. UNPINGCO**

TIME: __5:10 PM__
DATE __OCT 31 2002__

*42*

_____
Judge, Superior Court of Guam

**NOTICE TO DEFENDANT:** **VIOLATION OF THIS ORDER MAY SUBJECT THE VIOLATOR/S TO PUNISHMENT UNDER 9 GCA § 30.40,
PUNISHABLE BY A FINE OF NOT MORE THAN ONE THOUSAND DOLLARS ($1,000) OR BY IMPRISONMENT FOR NOT MORE
THAN ONE (1) YEAR, OR BY BOTH SUCH FINE OR IMPRISONMENT, IN ADDITION TO ANY OTHER CRIMINAL PENALTIES AND
JUDICIAL SANCTIONS AS PRESCRIBED OR PERMITTED UNDER APPLICABLE LAWS.**
[SERVICE: Defendant was served with a copy of this Order on _____ at _____ [a.m./p.m.]

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### SAN FRANCISCO DISTRICT OFFICE
### 901 MARKET STREET, SUITE 500
### SAN FRANCISCO, CA  94103

Carmen Rodriguez
160 E. San Antonio Avenue
Dededo, Guam 96929-5420

        Complainant

v.

Donald Rumsfeld, Secretary
Dept. of Defense

        Respondent

EEOC NO.  370-A2-X2760
AGENCY NO. DD-FY02-16

Date: November 5, 2002

**ORDER**

    On November 2, 2002 Complainant submitted a letter requesting that the processing of the instant complaint be held in abeyance "until [she] can get her health back." She explained that she experienced a traumatic incident and was under doctors' care. It is not clear from the letter, however, what the nature of the incident was, and/or what the prognosis for recovery was.

    In response to this Order, Complainant should provide a more detailed statement of her condition, prognosis, and the approximate time she anticipates to recover sufficiently so that she may fully and competently participate in the hearing process of her EEO complaint.

    The agency should also respond to this Order with regard to its position on holding the case in abeyance, or, in the alternative, allowing the Complainant to withdraw her complaint without prejudice. Complainant would be allowed to reinstate her complaint when she is medically able to proceed with her complaint.

    The parties' response, along with other submissions, must be received in this office no later than **December 5, 2002.**

                      Emily K. MacMillin
                      Administrative Judge
                      (415) 356-5214
                      (415) 356-5216 (fax)

cc:    Garth Terry
       Carmen Rodriguez

43

**Johnson, Rudene, , CPMS**

**From:** Johnson, Rudene, , CPMS

**Sent:** Wednesday, November 13, 2002 6:03 PM

**To:** 'Trabue, Jim'

**Subject:** RE: OCI Inves of the Carmen Rodriquez 2d

Mr. Trabue,

I hope to contact everyone by telephone once I have the telephone numbers. However, the statements they provide will be emailed to them for them to complete and return to me by the due date I give them. If any of the witnesses would rather I interview them by telephone, I would be more than happy to do so. I hope to start emailing declarations out by December 4, 2002.

Rudene Johnson
Investigator
OCI Sacramento
-----Original Message-----
**From:** Trabue, Jim [mailto:JTrabue@hq.odedodea.edu]
**Sent:** Wednesday, November 13, 2002 2:48 PM
**To:** Tom, Richard; Masters, Joe; Hall, Sherry; Harmon, Gordon; Adelman, Karen; Vickers, Chandra; 'Rudene Johnson (rudene.johnson@cpms.osd.mil)'
**Cc:** Sutemeier, Bob; Doreste, Alina; Witkin, Maxanne; Hinman, Elaine
**Subject:** OCI Inves of the Carmen Rodriquez 2d Complaint

Hello All:

Dr Tom, Principal Masters, Asst Principal Hall, Ms. Adelman, Ms. Vickers, and Mr. Harmon have been identified as witnesses in the Rodriquez complaint. As reflected in the attached OCI correspondence you will be interview by OCI. Should you have questions regarding your responsibilities in this matter you may contact the Agency representative Mr. Robert Sutemeier (850-425-1901). He can be reached also on the DoDEA email net.

Dr. Hinman this will up date you on thew current status of the complaint.

Thank you,

Jim

*44*

=== COVER PAGE ===

TO:            _____

FROM:     CARMEN RODRIGUEZ _____

     FAX:  6716321745

   TEL:1(671)6321745

COMMENT:  PLEASE CALL

45



# Exhibit
# F-3

46

**Johnson, Rudene, , CPMS**

| | |
|---|---|
| **From:** | Johnson, Rudene, , CPMS |
| **Sent:** | Friday, February 14, 2003 7:28 PM |
| **To:** | 'Jtrabue@hq.odedodea.edu' |
| **Subject:** | Reminder |

**Importance:**     High

Mr. Trabue,

Several months ago, Ms. Rodriguez faxed me documents wherein she had requested the Administrative Law Judge hold her complaint in abeyance. When I inquired at your office what was going to be done, I was told verbally to proceed with the investigation. I requested something in writing and said that Ms. Rodriguez should also be notified. I have never received anything in writing instructing me to proceed with the investigation. When will I receive something in writing and did anyone from your office inform Ms. Rodriguez that her request would not be granted?

Rudene Johnson
Investigator
OCI Sacramento
(916) 498-5332
(916) 498-6527 (fax)

*47*

## Johnson, Rudene, , CPMS

**From:** Tom, Richard [Richard_Tom@pac.odedodea.edu]

**Sent:** Saturday, February 22, 2003 8:31 PM

**To:** Trabue, Jim; Vickers, Chandra; Harmon, Gordon; 'Rudene Johnson (rudene.johnson@cpms.osd.mil)'

**Cc:** Doreste, Alina; Sutemeier, Bob; Hinman, Elaine

**Subject:** RE: Declarations for Dr. Richard Tom, Ms. Chandra Vickers and Mr. Gordon Harmon

Jim:

Thanks, I will get on this immediately and return my response back to you.

Rich

> -----Original Message-----
> **From:** Trabue, Jim
> **Sent:** Saturday, February 22, 2003 3:24 AM
> **To:** Tom, Richard; Vickers, Chandra; Harmon, Gordon; 'Rudene Johnson (rudene.johnson@cpms.osd.mil)'
> **Cc:** Doreste, Alina; Sutemeier, Bob; Hinman, Elaine
> **Subject:** FW: Declarations for Dr. Richard Tom, Ms. Chandra Vickers and Mr. Gordon Harmon
> **Importance:** High

Hi **Rudene**:

This message officially notifies you in writing that in early December 2002, the Agency requested that the investigation of the Carmen Rodriquez discrimination complaint continue despite the fact the complainant wanted the investigation held pending improvement in her health condition. It was requested by the Agency that investigation be completed as much as possible.

Hi **Dr Tom, Ms. Vickers, & Mr. Harmon**:

Attached are statement to each of you from the OCI investigator in the Rodriguez complaint. These documents were sent to each of you on Jan 16, 03 with a suspense date of January 27, 03. Similar statements were sent were sent to Ms Hall and Mr. Masters, both of whom completed their statements and returned them to OCI. Failure to return your statement will result in an adverse annotation in the complaint file to the effect that the Agency did not cooperate in the investigation. Therefore it is imperative that you time complete and submit your statement, since such an annotation could adversely effect the out come on this complaint .

Thank you,

Jim

James A. Trabue
EEO Specialist
4040 N Fairfax Drive
Arlington, VA 22203-1635
(703) 696-9056 Ext 1459

*48*

-----Original Message-----
From: Johnson, Rudene, , CPMS [mailto:Rudene.Johnson@cpms.osd.mil]
Sent: Tuesday, February 18, 2003 7:05 PM
To: 'JTrabue@hq.odedodea.edu'
Subject: Declarations for Dr. Richard Tom, Ms. Chandra Vickers and Mr. Gor don
Harmon
Importance: High

Mr. Trabue,

1.  When I emailed Dr. Tom, Ms. Vickers and Mr. Harmon at
richard_tom@pac.odedodea.edu <mailto:richard_tom@pac.odedodea.edu>,
cvickers@pac.odedodea.edu <mailto:cvickers@pac.odedodea.edu>, and
gordon_harmon@pac.odedodea.edu <mailto:gordon_harmon@pac.odedodea.edu>,
respectively, nothing came back to me says the emails had not been
delivered.  Also, because the emails sent to Joe Masters and Sherry Hall at
joe_masters@pac.odedodea.edu <mailto:joe_masters@pac.odedodea.edu> and
shall@pac.odedodea.edu <mailto:shall@pac.odedodea.edu>, respectively,
resulted statements that were received, and subsequently forwarded to either
the agency rep or legal counsel for review before they were signed and
dated, I had no reason to believe Dr. Tom, Ms. Vickers and Mr. Harmon had
not received their statements.  Also, in a telephone conversation with, I
believe someone from personnel, you told me that all of the statements were
in the process of being reviewed by either the agency rep or legal counsel
before being returned to the witnesses for their signature.

     Therefore, when I emailed you asking when I could expect the
statements and you told me that only Mr. Masters and Ms. Hall had received
their emails from me, I was surprised.  When you gave me another email
address for Dr. Tom, Ms. Vickers and Mr. Harmon, richard_tom@odedodea.edu
<mailto:richard_tom@odedodea.edu>, chandra_vickers@odedodea.edu
<mailto:chandra_vickers@odedodea.edu> and gordon_harmon@odedodea.edu
<mailto:gordon_harmon@odedodea.edu>, respectively, all three came back as
undeliverable.  Accordingly, I have attached all three statements for you to
get to these individuals.  I will be turning the Rodriguez Report of
Investigation in on Friday, February 28, 2003.  If I received signed and
dated statements from these three witnesses prior to that date, I will
incorporate them in the file.

 <<Dr. Richard Tom's Statement.doc>>     <<Chandra Vickers' Statement.doc>>
<<Gordon Harmon's Statement.doc>>


2.  I am in receipt of Mr. Masters' statement.

Rudene Johnson
Investigator

*49*

# Exhibit
# F-4

50



**DEPARTMENT OF DEFENSE**
CIVILIAN PERSONNEL MANAGEMENT SERVICE
OFFICE OF COMPLAINT INVESTIGATIONS
801 "I" STREET, ROOM 229
SACRAMENTO, CA 95814-2511



November 8, 2002

MEMORANDUM FOR MS. CARMEN K. RODRIGUEZ
160 SAN ANTONIO AVENUE
DEDEDO, GUAM 96929-5420

SUBJECT:    Discrimination Complaint Investigation – Ms. Carmen K. Rodriguez
Agency Docket No. DD-FY02-16

**SUSPENSE DATE: NOVEMBER 20, 2002**

It has been determined that the subject complaint can best be examined by securing written testimony and documentary evidence. The claim forwarded for investigation is as follows:

*Was the Complainant subjected to discrimination because of her race (Hispanic), color (brown), national origin (Chamorro) and reprisal (prior EEO activity) on March 5, 2002, because a teacher had been hired to the position of Reading Specialist at Anderson Elementary School, the same position she held prior to being involuntarily reassigned to a different teaching position?*

My role as an OCI Complaint Investigator is to serve as an impartial fact-finder, analyze the facts, and prepare a report. The allocation of burdens and order of presentation in a discrimination complaint is a three-step procedure. You have the initial burden of presenting evidence that would, if uncontested, establish the fact of discrimination on the claimed bases or raise a presumption of that fact. The burden then shifts to management to articulate some legitimate, nondiscriminatory reason for its action; and you must then, show through the overall evidence presented, that the legitimate reasons offered by management were not its true reasons, but were a pretext for prohibited discrimination.

Please respond to the questions in the attached interrogatory in the declaration format enclosed. You must sign your response attesting to its accuracy under penalty of perjury, at the end of the declaration. You should address **only the claim/issue** that was forwarded for investigation. This statement should support your allegation of national origin discrimination and reprisal as it pertains to the claims/issues of this case. Statements are to be given without a pledge of confidentiality and will be made a part of the official investigative file, available to officials who have the authority to review the record. Please fax your response to me at (916) 98-6527 no later than **Wednesday, November 20, 2002.**

Please answer the questions as fully and completely as possible. Please avoid acronyms. If you use them, please explain what they stand for. Avoid yes and no answers. If you use them,

*51*

explain why you are answering yes or no. At the bottom of each page, please number the page as "*number* of *total* pages" and place your initials in the bottom of right hand corner of each page, except for the signature page.

Please identify any witnesses that you believe could provide testimony on your behalf. Such witnesses should have **direct** knowledge of the matters under investigation. Please provide their names, organization locations, addresses, telephone numbers (duty and home, if no longer at the activity), and the expected testimony of each witness. The investigator retains the authority to examine only those witnesses determined to have relevant testimony to the claims/issues under investigation.

You may also submit any additional documentary evidence, which you believe is pertinent to the matters at issue. Any documentary evidence provided must be **legible, one sided,** on **8 1/2 X 11-inch paper** and of **reproducible quality.** Since the case file compiled during the investigation is used for all subsequent reviews, it is essential that all material be legible. Your witness list and additional evidence must also be faxed to me no later than **Wednesday, November 20, 2002.**

Failure to provide the requested information or failure to cooperate in the investigation will not stop the investigation. It will, however, result in a report based on the available information. I retain authority to include in the record only those documents that I feel are relevant to the matters at issue.

If you have any questions relating to the complaint, you may contact me at (916) 498-5332; my fax number is (916) 498-6527.

Rudene Johnson
Investigator

Attachment:
Interrogatory Format for Declarations Under Penalty of Perjury

52

## Declaration under Penalty of Perjury

I, Carmen K. Rodriguez, in accordance with 28 U.S.C. Section 1746, make the following statement:

*EFFECTS OF NONDISCLOSURE: Disclosure of information by me is voluntary; however, my failure to respond will result in disposition of the case on the basis of information available.*

*AUTHORITY: The authority to collect the information requested is derived from one or more of the following: Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 5, United States Code, Sections 1302, 1303, 1304, 3301 and 3302; Executive Order 11478, as amended; Executive Order 10577; and 29 CFR 1614.*

*PURPOSES AND USES: The information supplied will be used as a part of the record in an equal employment opportunity discrimination complaint. The record will be furnished to designees of agencies and departments of the Federal Government in order to resolve the complaint. The record may also be disclosed to any agency of the Federal Government having oversight or review authority with regard to Department of Defense activities, to the Federal intelligence agencies, or to others as may be published in the Federal Register.*

Q1:     (a) How long have you worked at Andersen Elementary School? (b) As a Reading Specialist? (c) Briefly describe your duties. Please be specific in answering all questions here.

A:

Q2:     (a) Who was the principal when you were first hired to work at Andersen Elementary School? (b) The assistant principal? Please be specific in answering all questions here.

A:

Q3:     Please state for the record your (a) race, (b) skin color and (c) national origin or family ancestry.

A:

Q4:     (a) Do you have a representative? (b) If yes, please give his/her name, (c) title, (d) address, (e) telephone number and (f) fax number. Please be specific in providing all information requested here.

A:

Q5:     What are you requesting to resolve your complaint? Please be specific in answering this question.

A:                            $\mathcal{S}3$

1

Q6:     If your requested relief includes compensatory damages, by what date will you submit your supporting documentation to the assigned investigator? Please be specific in answering this question.

A:

*CLAIM ACCEPTED FOR INVESTIGATION: WAS THE COMPLAINANT SUBJECTED TO DISCRIMINATION BECAUSE OF HER RACE, COLOR, NATIONAL ORIGIN AND PRIOR EEO ACTIVITY ON MARCH 5, 2002 BECAUSE ANOTHER TEACHER WAS HIRED TO THE POSITION OF READING SPECIALIST AT ANDERSON ELEMENTARY SCHOOL, THE POSITION SHE HELD PRIOR TO BEING INVOLUNTARILY REASSIGNED TO A DIFFERENT TEACHING POSITION?*

*According to the EEO Counselor's Report, you claimed that you were involuntarily reassigned from your position as Reading Specialist in January 2002 because of your previous EEO formal complaint against Mr. Joe Masters and Ms. Sherry Hall. NOW ANSWER THE FOLLOWING QUESTIONS:*

Q7:     (a) Did you file an EEO complaint about your reassignment? (b) If yes, when and what is the status of that complaint? Please be specific in answering all questions here.

A:

Q8:     (a) What position were you reassigned to, (b) when and (c) why? (b) Briefly describe your duties.  Please be specific in answering all questions here.

A:

Q9:     (a) What happened to your Reading Specialist position and the students you taught after you were reassigned, i.e., did someone else take over prior to Ms. Chop's selection? (b) Explain.  Please be specific in answering all questions here.

A:

Q10:   (a) Why do you want to return to your Reading Specialist position? Please be specific in answering this question.

A:

Q11:   (a) When did you first decide that you wanted to return to your Reading Specialist position? (b) Who did you talk to about doing so and (c) what was their response? If you did not talk to anyone, why is that? Please be specific in answering all questions here.

A:                     *54*

*According to paperwork, the Reading Specialist position was not advertised because the original vacancy announcement was an "open continuous" announcement. Ms. Chop's application was received in November 1, 2001. Ms. Chop was informed of her selection on December 6, 2001 and reported to Andersen Elementary School on January 15, 2002. NOW ANSWER THE FOLLOWING QUESTIONS:*

Q12: Why do you believe management should have returned you to your Reading Specialist position rather than hire someone else? Please be specific in answering this question.

A:

Q13: What evidence do you have to prove that your (a) race, (b) skin color, (c) national origin and (d) prior EEO activity were factors considered in deciding to hire someone of a different race, skin color, national origin and no prior EEO activity to replace you rather than return you to the Reading Specialist position in dispute? Please be specific in answering all parts of this question.

A:

## END OF STATEMENT

I, Carmen K. Rodriguez, declare under penalty of perjury, that the foregoing is true and correct.

_____          _____
(Declarant's Signature)                              (Date)

*CC*

3



# Exhibit

# F- 5

56


### Declaration under Penalty of Perjury

I, Joseph E. Masters, in accordance with 28 U.S.C. Section 1746, make the following statement:

*EFFECTS OF NONDISCLOSURE: Disclosure of information by me is voluntary; however, my failure to respond will result in a recommended disposition of the case on the basis of information available. Witnesses who are Department of Defense employees may be subject to administrative action for failure to testify.*

*AUTHORITY: The authority to collect the information requested by this interview is derived from one or more of the following: Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 5, United States Code, Sections 1302, 1303, 1304, 3301 and 3302; Executive Order 11478, as amended; Executive Order 10577; and 29 CFR 1614.*

*PURPOSES AND USES: The information supplied will be used as a part of the record in an equal employment opportunity discrimination complaint or grievance investigation. The record will be furnished to designees of agencies and departments of the Federal Government in order to resolve the complaint or grievance. The record may also be disclosed to any agency of the Federal Government having oversight or review authority with regard to Office of Personnel Management or Department of Defense activities, to the Federal intelligence agencies, or to others as published in the Federal Register.*

Q1:    How long have you been the Principal for the Andersen Elementary School in Guam?

A: Two ½ years

Q2:    What are the exact title, series and grade of your Principal position?

A: Principal, Andersen Elementary School, GS-14

Q3:    (a) Who do you report to? (b) For how long? Please be specific in answering all questions here.

A:      (a) Dr. Richard Tom, Superintendent of Guam District
        (b) For 2 ½ yrs.

Q4:    Please state for the record, you (a) race, (b) skin color and (c) national origin or ancestry.

A:      (a) Mixed, Other;
        (b) Black.
        (c) Indian and French ancestry.

Q5:    Briefly describe your duties.

1                                        57

A: School administrator in charge of the day-to-day operations of the school.

Q6: What do you know about an EEO complaint Ms. Rodriguez filed in December 2000? Please be specific in answering this question, i.e., issue, basis, status, etc.

A: I vaguely recall Ms. Rodriguez filed a complaint but understand that it was dropped. I do not recall any specifics. I am not certain as to why it was dropped.

*CLAIM ACCEPTED FOR INVESTIGATION: WAS THE COMPLAINANT THE VICTIM OF REPRISAL, RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION ON MARCH 5, 2002, BECAUSE A TEACHER HAD BEEN HIRED TO FILL A POSITION SHE HELD PRIOR TO BEING INVOLUNTARILY REASSIGNED TO A DIFFERENT TEACHING POSITION?*

Q7: What was your role or involvement in the decision to (a) hire Ms. Rodriguez, (b) involuntarily reassign Ms. Rodriguez and (c) hire Ms.. Jane Chop? (c) Why were you involved or not involved? Please be specific in answering all questions here.

A: (a) No involvement in the decision to hire Ms. Rodriguez. I was not the school administrator at the time she was hired.
(b) I made the decision to reassign Ms. Rodriguez to a position Teacher Elementary from her position as Teacher (Compensatory Education Elementary). As the school administrator, I have responsibility to assign staff members as may be needed to meet legitimate needs of the school.
(c) I was the selecting official for Mrs. Chop. As the school administrator, I have responsibility to review lists of qualified applicants and make selections for vacant positions. The position for Reading Recovery had been advertised for over a year. Notification was received from personnel with Mrs. Chop's name on it and I accepted her.

Q8: When was Ms. Rodriguez first hired?

A: September 1997

Q9: What were the exact title, series and grade of Ms. Rodriguez's position?

A: To my knowledge she was hired as a Teacher (Mixed Elementary) with possible assignment to the first, second, or third grade level. As a mixed elementary you could also be assigned to upper grades.

Q10: Briefly describe Ms. Rodriguez's duties.

A: Ms. Rodriguez was initially hired as a Teacher (Mixed Elementary) with responsibility for providing basic curriculum subject instruction in a self-contained elementary classroom.

2.

*58*



Q11:   When was Ms. Rodriguez reassigned out of her teaching position?

A:  Ms. Rodriguez was reassigned from her position of Teacher (Mixed Elementary) to the position of Teacher (Compensatory Education Elementary) in August 1998. She was then reassigned from the position of Teacher (Compensatory Education Elementary) to the position of Teacher (Elementary) in August 2002.

Q12:   Please explain what transpired that led to Ms. Rodriguez being involuntarily reassigned.

A:  While Ms. Rodriguez called herself a Reading Improvement Specialist, the position she was actually assigned to was Teacher (Compensatory Education Elementary). The position to which Ms. Rodriguez was assigned, Teacher (Compensatory Education Elementary), was not authorized on the manpower voucher.  At the beginning of the 2002-2003 school year the Pupil-Teacher-Ratio (PTR) for third grade was too high.  As a result, Ms. Rodriguez was reassigned from the position that was not authorized on the manpower document to a position of Teacher (Elementary) to both reduce the PTR for grade three and to eliminate the position that was not authorized.

Q13:   What position was Ms. Rodriguez reassigned to?

A:  Teacher (Elementary).

Q14:   Briefly describe her duties.

A:  Classroom teacher of third grade. Provides basic curriculum subject instruction in a self-contained classroom.

Q15:   (a) What happened to the position Ms. Rodriguez vacated, i.e., filled temporarily/permanently, abolished, etc., and (b) why? Please be specific in answering all parts of this question.

A: The position Ms. Rodriguez occupied was not authorized on the manpower document. As such, it has not been filled.

Q16:   Why was someone else hired to fill the position Ms. Rodriguez was involuntarily reassigned out of? Please be specific in answering this question.

A:  No one filled the position vacated by Ms. Rodriguez. The authorization for that position did not exist.

Q17:   Why was Ms. Rodriguez not returned to the position she was initially hired to fill? Please be specific in answering this question.

3

A: Ms. Rodriguez was originally hired to fill a position as a Teacher at the elementary school level. She was reassigned back to a position as a Teacher at the elementary school level.

Q18: (a) Were race, skin color, national origin/ancestry and prior EEO activity factors considered in deciding to fill the position Ms. Rodriguez was involuntarily reassigned out of? (b) If yes, why? If not, what factors were considered and (c) why? Please be specific in answering all parts of this question.

A: Not applicable. The position was not filled.

In her formal complaint, Ms. Rodriguez says, "As a blatant act of reprisal, I was severely punished by Mr. Joe Masters (Principal) for filing an EEO complaint. He refused/rejected every request I made for school involvement (training, SIP, RIF Program Coordinator, leave, etc.). Mr. Joseph E. Masters, Gordon Harmon, Dr. Richard Tom conspired to remove me as a Reading Specialist (cert.) and purposely placed me in a teaching position I was not certified to teach. Ms. Jane Chop (Anglo-Am) was hired from Okinawa and has since served Reading Recovery students and my former students. It is evident that she replaced me. Students did not receive vital service *(the rest of her statement was not legible)*. NOW ANSWER THE FOLLOWING QUESTIONS:

Q19: (a) When, (b) what kind of training and (c) why did Ms. Rodriguez request training? Please be specific in answering all parts of this question.

A: Since I became Principal, all staff at AES has been provided Professional Development opportunities, to include Ms. Rodriguez. I do not recall her requesting any training that was denied.

Q20: (a) When and (b) why did Ms. Rodriguez request the SIP? Please be specific in answering all parts of this question.

A: (a) In 2001-2002, Ms. Rodriguez requested to be a member of SIP.
(b) She never expressed her reason for applying.

Q21: (a) When and (b) why did Ms. Rodriguez request the involvement of the RIF Program Coordinator? Please be specific in answering all parts of this question.

A: (a) September 2001.
(b) I do not know why she requested involvement.

Q22: (a) When and (b) why did Ms. Rodriguez request leave? Please be specific in answering all parts of this question.

A: If you will identify the time frame in question, I will research leave records to identify any leave requests submitted by Ms. Rodriguez.

4

60

Q23: (a) What else did Ms. Rodriguez request, (b) when and (c) why? Please be specific in answering all parts of this question.

A: I am unaware of what else Ms. Rodriguez may have requested.

Q24: (a) Were Ms. Rodriguez's requests for training, the SIP, the involvement of the RIF Program Coordinator, leave, etc., denied? (b) If yes, were race, skin color, national origin/ancestry and prior EEO activity factors considered in deciding to deny these requests? If not, what factors were considered and (c) why? Please be specific in answering all questions here.

A: (a) I have no memory of her requesting training nor do I have any memory of having denied any requests for training. Ms. Rodriguez was not selected for SIP. She informed the administration that she was going to be the RIF Program Coordinator. This was not a school sanctioned program but one in which she wanted to do. I have no memory of denying Ms. Rodriguez's leave requests.

(b) No

(c) The factors considered in selecting individuals for SIP were prior experience, knowledge, ability to perform the required duties, and ability to work with other team members. Again, RIF was a program outside the school in which she pursued on her own. Therefore, this was not announced to the staff for anyone to submit an application for consideration.

Q25: Please comment on Ms. Rodriguez's assertion that "Mr. Joseph E. Masters, Gordon Harmon and Dr. Richard Tom conspired to remove me as a Reading Specialist. Please be specific in your comments.

A: Ms. Rodriguez was never assigned as a Reading Specialist. She is not certified for that position. She was reassigned from the position of Teacher (Compensatory Education Elementary) because the position she occupied was not authorized on the manpower document and her services were needed as a Teacher (Elementary). I did not conspire to remove her from that position. I have no knowledge of Dr. Tom or Mr. Harmon conspiring against Ms. Rodriguez.

Q26: Please comment on Ms. Rodriguez's assertion that she was placed in a position she was not certified to teach. Please be specific in your comments.

A: To my knowledge at the time Ms. Rodriguez was reassigned she possessed a valid classroom teaching certification for Elementary Teacher issued by the Government of Guam.

Q27: (a) Is there anything else you would like to add regarding this claim? (b) If yes, please do so at this time.

A: No

5

61

I, Joseph E. Masters, declare under penalty of perjury, that the foregoing is true and correct.

_____Joe E. Masters_____          _____26 January 2003_____
(Declarant's Signature)                              (Date)

6                                    62