(1)  The unit employee must be given no less than fourteen (14) days written notice of the proposed action.

(2)  The notice shall:

(a) State, in detail, the reason(s) for the proposed action;

(b) Provide the employee with a copy of the material relied upon for the proposed action;

(c) Inform the unit employee of the right to reply orally or in writing, or both, within ten (10) workdays after receipt of the notice of proposed action, and the name and title of the official designated to hear an oral reply and/or receive a written reply;

(d) State that a final decision of the proposed action will not be made until after receipt of the unit employee's reply or after the ten (10) workday notice period, described in (c) above, whichever comes first; and

(e) Inform the unit employee what duty status he/she will be in pending a decision on the proposed action.

(3)  Notice of Final Decision.  The unit employee shall receive notice of a final decision at the earliest possible date

following the ten (10) day reply period. The notice of final decision shall be signed and dated and shall inform the unit employee of:

(a) The reason(s) for the decision;

(b) The effective date of the action; and

(c) His/her rights under the negotiated grievance procedure.

d. Whenever a unit employee is furloughed for thirty (30) days or less, reduced in pay, removed, or suspended for more than fourteen (14) days, the following procedures shall apply:

(1) Issuance of Advance Notice. The unit employee will be given thirty (30) days advance notice of the proposed adverse action. The advance notice shall:

(a) State, in detail, the reason(s) for the action;

(b) Provide the employee with a copy of the material relied upon for the proposed action;

(c) Inform the unit employee of his/her right to reply orally or in writing, or both, within twenty (20) days from receipt of the notice of proposed action, and the

name and title of the official designated to hear an

oral reply and/or receive a written reply;

(d) State that a final decision of the proposed action will

not be made until after receipt of the unit

employee's reply or after the twenty (20) day period,

whichever comes first; and

(e) Inform the unit employee of the duty status he/she will

remain in pending a decision on the proposed

action.

(2)  An employee may be placed on excused leave or

reassigned during the advance notice period at the sole option of the

Agency.  Such a decision is not grievable.

(3)  Notice of Final Decision.  The unit employee shall receive

notice of final decision at the earliest possible date following the notice

period.  The notice of final decision shall be signed and dated and shall

inform the employee of the following:

(a) Which of the reasons in the proposed notice have

been found sustained;

(b) The effective date of the action; and

113

(c) His/her rights under the appropriate grievance and/or appeal procedures.

e. Employees to whom a notice of proposed disciplinary action has been issued are also entitled to:

    (1)  A reasonable amount of official time to review the notice and supporting material, to prepare an answer and to secure affidavits, medical documentation, and other documentary evidence, if the employee is otherwise in a duty status; and

    (2)  Be represented by an attorney and/or other representative.

*Section 4.* **Rights of Probationers.** The procedural rights described in Section 3.d. above do not apply to the discharge or separation of an employee during a probationary period.

*Section 5.* **Duty Status.** In the event a notice period is not completed prior to the beginning of the recess period, the affected unit employee may be carried in a duty status until the end of the notice period in order to complete the process. Otherwise, time limits do not run during any recess period.

114

*Section 6.*  **Relationship to DDESS Instruction.**  The provisions of this Agreement will be controlling when in conflict with DDESS Administrative Instruction 1435.1, March 12, 1996.

# ARTICLE 26

## GRIEVANCE PROCEDURE

*Section 1.*  **Purpose.**  The purpose of this Article is to provide a procedure for consideration of grievances by bargaining unit employees.  The filing of a grievance shall not be construed as reflecting unfavorably on an employee's good standing, his/her performance, or his/her loyalty or desirability to the organization, nor shall it be regarded as an unfavorable reflection upon the Agency or its officials.

*Section 2.*  **Coverage.**

a.  This procedure applies to unit employees and shall be the exclusive procedure for resolving grievances that fall within its coverage.

b.  A grievance means any complaint:

(1)  by a unit employee concerning any matter relating to the employment of that employee;

(2)  by the Association concerning any matter relating to the employment of any unit employee(s); or

(3)  by a unit employee, the Association, or the Agency concerning:

(a) the effect or interpretation or a claim of breach of this Agreement; or

(b) any claimed violation, misinterpretation of any law, rule, or regulation affecting working conditions of employment.

c.  This procedure shall not apply to any grievance concerning:

(1) any claimed violation of Subchapter III of Chapter 73, Title 5 U.S.C. (relating to prohibited political activities);

(2) retirement, life insurance, or health insurance;

(3) a suspension or removal under Section 7532 of Title 5 U.S.C.;

(4) any examination, certification, or appointment;

(5) the classification of any position which does not result in the reduction in grade or pay of an employee;

(6) an advance notice of disciplinary or adverse action;

(7) separation of probationary period employees;

(8) termination or expiration of temporary appointments;

(9) oral or written admonishments which are not placed in the employee's Official Personnel File; and

(10) any other matter or issue excluded by any provision of this Agreement.

*Section 3.* **Representation.** A unit employee may present a grievance on his/her behalf under this procedure provided that the Association is given the opportunity to be present during the grievance proceeding. Any resolution reached with the unit employee shall be consistent with the terms of this Agreement.

*Section 4.* **Procedures.**

Step 1 - Informal

The Parties agree that informal resolution of employee grievances is desirable. To this end, the unit employee and/or their Association representative should present any grievance informally to his/her immediate supervisor within ten (10) days after the grievant knew, or should have known, of the act or incident leading to the grievance. The supervisor should arrange for a meeting within five (5) days of the informal presentation of the grievance to fully discuss the matter and to attempt informal resolution.

Step 2 - Formal

a. Notwithstanding the provisions of Step 1 above, the unit employee or his/her Association representative must present the grievance, in writing,

to the appropriate supervisor within twenty (20) days after the grievant knew, or should have known, of the act or incident leading to the grievance.

(1) The supervisor shall issue a written decision within seven (7) days from the date the written grievance was received by the supervisor. Such decision shall be transmitted to the grievant and the grievant's representative, if any.

(2) The grievant or his/her Association representative shall have ten (10) days after the receipt of the supervisor's decision to advance the grievance to the next level. If the grievant has not received a written decision from the supervisor within the seven (7) day period, the grievant may advance the grievance to Step 3 of this procedure within ten (10) days after the seven (7) day period has elapsed.

Step 3 - Review

When the grievance has not been resolved at Step 2, the grievant or his/her Association representative may submit his/her grievance to the Superintendent within the time specified in Step 2. Along with the information submitted under Step 2, the grievant must include a statement as to why the supervisor's decision is unacceptable. The Superintendent

Case 1:04-cv-00029    Document 25-17    Filed 06/03/2005    Page 9 of 25

will review the grievance and will issue a final decision within twenty (20) days from its receipt. Such decision shall be in writing and shall set forth the reasons for the decision. A copy of the decision shall be transmitted to the grievant and the grievant's representative, if any.

*Section 5.* **Agency/Association Grievances.** The following procedure will be followed when processing grievances arising between the Association and the Agency:

a. Association or Agency grievances may be filed only at the DDESS level by the respective officials at the regional level.

b. Association or Agency grievances must be filed within thirty (30) days after the Association or Agency knew, or should have known, of the incident or occurrence giving rise to the grievance.

c. Upon receipt of an Association or Agency grievance, the Association or Agency, as appropriate, shall review, investigate, and furnish a final decision within thirty (30) days. Should the Association's or Agency's decision not be satisfactory, arbitration may be invoked by the appropriate party.

*Section 6.* **Alternative Dispute Resolution.**

a. Any grievance not resolved by the last step of the grievance procedure will be mediated with the assistance from the Federal Mediation

120

and Conciliation Service, or other mutually agreed upon mediation service, if requested by either party.

b.  The party requesting mediation must notify the other party of its desire to engage in mediation and submit any necessary forms within twenty (20) days following the last step of the grievance procedure.  The Parties will share equally in any fees and expenses of the mediator.

c.  If the grievance is unresolved by mediation, the Association or the Agency may pursue the grievance to arbitration.  The date of the last day of mediation will be considered the conclusion of the last stage in the grievance procedure.  The grievance may then proceed to arbitration in accordance with Article 27.

*Section 7.*  **General Provisions.**

a.  Time Limits.

(1) The time periods set forth herein shall be tolled during all recess periods in excess of four (4) workdays.

(2)  All time limits in this procedure may be extended or curtailed in writing by the mutual consent of the Parties.

(3)  Both Parties agree to comply with the time limits established in the grievance procedure.  Failure to comply with established time limits will serve as a basis for either party

121

to advance the grievance to the next step or to reject a grievance.

b. Cancellation. A grievance shall be canceled upon the death of the unit employee or upon his/her separation for reasons not connected with the grievance.

c. Exercise of Rights. Under 5 U.S.C. 7116 and 5 U.S.C. 7121, unit employees may raise certain matters under this negotiated grievance procedure or under an applicable statutory procedure, but not both. For purposes of this Article, the unit employee or his/her representative shall be deemed to have exercised his/her option as to procedure when a timely written grievance under this procedure is filed; or a charge, appeal, or complaint under an applicable statutory procedure is initiated, whichever event occurs first.

d. Protection from Reprisal. In exercising their right to seek resolution of grievances, unit employees and witnesses shall be free from any and all restraint, interference, coercion, discrimination, or reprisal. The filing of a grievance shall not be construed as reflecting unfavorably on a unit employee's good standing, his/her performance, his/her loyalty or desirability to the organization, nor shall it be regarded as an unfavorable reflection upon the Agency or particular Agency officials.

122

TAB 3

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## SEATTLE FIELD OFFICE

| | |
|---|---|
| CARMEN K. RODRIGUEZ, )<br><br>Appellant, )<br><br>v. )<br><br>DEPARTMENT OF DEFENSE (DOD)<br>DOMESTIC DEPENDENT ELEMENTARY )<br>AND SECONDARY SCHOOLS (DDESS) )<br><br>Agency. ) | DOCKET NUMBER<br>SE-0752-03-0309-I-1<br><br>Date:  8 July 2003 |

## STATEMENT AS TO COMPLAINT OF DISCRIMINATION

Appellant contacted the DoDEA-Pacific EEO Specialist, Ms. Chandra Vickers, on 17 October 2002.  She sent Ms. Vickers a facsimile on that date alleging that Mr. Joseph Masters had terrorized, sexually harassed and assaulted her on 11 October 2002.  (Atch.)  Ms. Vickers conducted interviews of witnesses at Andersen Elementary School on 31 October 2002.  She then telephoned Appellant on 6 and 7 November 2002, but Appellant was not there.  Appellant's brother asked Ms. Vickers to call back which she did, to no avail.  Ms. Vickers finally sent Appellant a letter on 8 November 2003 (Atch) to which Appellant never responded.

Accordingly, the Agency states that it has not received a formal complaint of discrimination on the action being appealed.

Respectfully submitted,

Robert E. Sutemeier
Associate General Counsel
Office of General Counsel
Department of Defense Education Activity
821 San Carlos Road, Building 3813
Pensacola, Florida  32508-5531
(850) 452-9401 // Fax (850) 452-9405
E-mail:  robert.sutemeier@cnet.navy.mil

Agency Representative

Submitted this 8th Day of July 2003.

2

# === COVER PAGE ===

TO: _____

FROM:    CARMEN RODRIGUEZ

    FAX: 6716321745

    TEL: 6716321745

COMMENT:  PLEASE CALL

# FACSIMILE COVER PAGE     *Copy for Chandra Vickers and*

| To : | **Chandra Vickers** | From : | Carmen Rodriguez | *James* |
| Sent : | 10/17/02 at 9:23:36 PM | Pages : | 1 (including Cover) | *Trabue* |

Subject : Joe B. Masters(Terrorizing, Assault, Sexual Harassment, Reprisal) URGENT!

Ms. Vickers,

I would like to file a formal complaint against Mr. Joseph E. Masters, Principal of Andersen Elementary School for continued harassment which resulted in terrorizing, sexual harassment and assault on Friday, October 11, 2002 in front of my third grade students. For more than two years, I have been subjected to this man's colossal arrogance, absolute tyranny, and incessant harassments with the full blessings of DoDEA officials. This man has also harassed other teachers and children. Teachers are afraid to speak up. Obviously, I am not afraid to speak up. What has been happening to us is not right--plain and simple. I have continually said he had an immense anger management problem, but no one wants to listen. This so-called principal came to my room and threatened my life in the presence of students. He was yelling at me as he threatened me. No child should have ever heard nor seen such a horrific incident. They were traumatized by all this. This man went looking for me. I did not go looking for him. He sought me out and took out his rage on me in front of the children. This man disrupted precious instructional time. It's bad enough that he harasses me away from the children, but why is he harassing me in the presence of children? Why is he harassing me during instructional time? He is getting desperate because we are getting closer to the federal hearings and a special investigator has been assigned. DoDEA should have a ZERO TOLERANCE FOR ACTS OF VIOLENCE IN FRONT OF CHILDREN. We have federal hearings pending (EEO complaint Rodriguez vs. Rumsfeld because of him) and this makes DoDEA look negligent in controlling its administrator.  I FEAR FOR MY LIFE AND REFUSE TO SET FOOT ONTO AES CAMPUS WITHOUT POLICE PROTECTION. Masters shoving his body into mine (my chest and nose-to-nose) and threatening my life will not deter me from having those federal hearings. His last desperate act to intimidate me into dropping my complaint did not work. The painful, ugly truth of over 2 years worth of hell at the hands of this man must be told. No counselors were brought in for the children on Friday. Mrs. Hall came to see me briefly but did not call counselors or the nurse. It is very evident that Andersen Elementary School administrators want to cover up and whitewash this horrific incident. When questioned about the incident, Mr. Masters told my parent that his child was essentially a liar. Masters was in complete denial. He always is. There will be a criminal investigation. DoDEA knew that this man was a walking timebomb and did NOTHING about it. DoDEA officials were WARNED REPEATEDLY about Masters and they continually ignored his inappropriate behaviors. The reason why Masters continually does what he does is because he has gotten away with past behaviors so he feels unstoppable. Is DoDEA waiting for a media frenzy? Is DoDEA waiting for Masters to terrorize another teacher or student? When will this nightmare end? When will we be safe? This is just T-O-O M-U-C-H. Please HELP us.

1

November 8, 2003

Ms. Carmen Rodriguez
160 E. San Antonio Ave
Dededo, Guam 96929-5420

Dear Ms. Rodriguez:

On October 17, 2002, you contacted our headquarters Equal Employment Opportunity office to initiate processing of an informal complaint. I was assigned on October 23, 2002, to counsel you on the complaint. On October 31, I conduct interviews at Anderson Elementary School based on the information I received in your fax. On November 6, and November 7, I called the number you had listed as your home (671-632-1745), where I spoke with your brother. He said you were not there, but down the road and he would have to get you and that I should call back. I called back several times during the day and again on the morning of November 7, 2002.

As of this date, I have not received from you any documents or additional information by mail, fax, or e-mail. If you do not contact me **within 10 days of receipt of this letter**, or if I have had not further contact with you within 30 days from your original fax, then I will assume you have decided not to pursue EEO counseling. You may contact me at my work telephone number, 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-44-5661; fax number 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-44-5900; and email address Chandra_vickers@pac.odedodea.edu.

Sincerely,

Chandra M. Vickers
EEO Specialist

OMB NO 3124-0009



# MERIT SYSTEMS PROTECTION BOARD

## APPEAL FORM
### INSTRUCTIONS

**GENERAL:** You do not have to use this form to file an appeal with the Board. However, if you do not, your appeal must still comply with the Board's regulations. See 5 C.F.R. Parts 1201, 1208, and 1209. Your agency's personnel office will give you access to the regulations, and the Board will expect you to be familiar with them. You also should become familiar with the Board's key case law and controlling court decisions as they may affect your case. Complete **Parts I, II, III and V** of this form regardless of the kind of action you are appealing. Complete Part VI only if you are appealing an action resulting from a reduction in force. You must tell the Board if you are raising an **affirmative defense (see Part IV), and you are responsible for proving each defense you raise.** If you believe the action you are appealing was threatened, proposed, taken, or not taken because of whistleblowing activities, you must complete **Part VII.** If you are requesting a stay, you must complete **Part VIII.** If you claim a violation of your rights under the Uniformed Services Employment and Reemployment Rights Act (USERRA) or the Veterans Employment Opportunities Act (VEOA), you must provide the information required by the Board's regulations at 5 C.F.R. 1208.13 (for USERRA appeals) or 5 C.F.R. 1208.23 (for VEOA appeals). You may use a separate sheet of paper (please put your name and address at the top of each additional page) or you may include the information in block 31 of Part IV.

**WHERE TO FILE AN APPEAL:** You must file your appeal with the Board's regional or field office which has responsibility for the geographic area where your duty station was located when the agency took the action or, if you are appealing a retirement or suitability decision, the geographic area where you live. See 5 C.F.R. Part 1201, Appendix II, and 5 C.F.R. 1201.4(d).

**WHEN TO FILE AN APPEAL:** Unless your appeal is covered by a law that sets a different filing time limit, your appeal must be filed during the period beginning with the day after the effective date, if any, of the action you are appealing and ending on the 30th day after the effective date, or within 30 days after the date you receive the agency's decision, whichever is later. However, if you and the agency mutually agree in writing to try to resolve your dispute through an alternative dispute resolution process before you file an appeal, you have an additional 30 days--for a total of 60 days --to file your appeal. You may not file your appeal before the effective date of the action you are appealing. If your appeal is late, it may be dismissed as untimely. If you are filing a USERRA appeal, there is **no time limit** for filing. (see 5 CFR 1208.12). You may not file a **VEOA** appeal with the Board unless you first filed a complaint with the Secretary of Labor and allowed the Secretary at least 60 days to try to resolve the matter; any subsequent appeal to the Board must be filed within 15 days of the date you receive notice that the Secretary has been unable to resolve the matter (see 5 C.F.R. 1208.22). If you are filing a whistleblower appeal after first filing a complaint with the Office of Special Counsel (OSC), your appeal must be filed within 65 days of the date of the OSC notice advising you that the Special Counsel will not seek corrective action or within 60 days after the date you receive the OSC notice, whichever is later (see 5 C.F.R. 1209.5). The date of filing is the date your appeal is postmarked, the date of the facsimile transmission, the date it is delivered to a commercial overnight delivery service, or the date of receipt if you personally deliver it to the regional or field office.

**HOW TO FILE AN APPEAL:** You may file your appeal by mail, by facsimile, by commercial overnight delivery, or by personal delivery. You must submit two copies of both your appeal and all attachments. You may supplement your response to any question on separate sheets of paper, but if you do, please put your name and address at the top of each additional page. All of your submissions must be legible and on 8 1/2" x 11" paper. **Your appeal must contain your or your representative's signature in block 6. If it does not, your appeal will be rejected and returned to you. If your representative signs block 6, you must sign block 11 or submit a separate written designation of representative.**

## Part 1 Appellant Identification

**1. Name** *(last, first, middle initial)*

Rodriguez, Carmen K.

**2. Social Security Number**

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

**3. Present address** *(number and street, city, state, and ZIP code)* **You must notify the Board of any change of address or telephone number while the appeal is pending with MSPB.**

160 E. San Antonio Ave.
Dededo, Guam 96929

**4. Home phone** *(include area code)*

671-632-1745

**5. Office phone** *(include area code)*

**6.** I certify that all of the statements made in this appeal are true, complete, and correct to the best of my knowledge and belief.

Signature of appellant or designated representative

*Carmen K. Rodriguez*

Date signed

5-11-03

Optional Form 283 (Rev 11/00)
MPSB
5 CFR 1201, 1208, and 1209
Page 1

## Part II Designation of Representative

7. You may represent yourself in this appeal or you may choose someone to represent you. Your representative does not have to be an attorney. You may change your designation of a representative at a later date, if you so desire, **but you must notify the Board promptly of any change.** Where circumstances require, a separate designation of representative may be submitted after the original filing. Include the information requested in blocks 7 through 11.

"I hereby designate [ ] When an attorney is retained, you will be informed [ ] to serve as my representative during the course of this appeal. I understand that my representative is authorized to act on my behalf. In addition, I specifically delegate to my representative the authority to settle this appeal on my behalf. I understand that any limitation on this settlement authority must be filed in writing with the Board."

| 8. Representative's address *(number and street, city, state, and ZIP code).* | 9. Representative's employer |
|---|---|
| | 10.a) Representative's telephone number *(include area code)* |
| | 10.b) Representative's facsimile number |
| | 11. Appellant's signature    Date |
| | *Carmen K. Rodriguez*   5-11-03 |

## Part III Appealed Action

12. Briefly describe the **agency action** you wish to appeal and attach the proposal letter and decision letter. If you are appealing a decision relating to the denial of retirement benefits, attach a copy of OPM's **reconsideration decision.** If the relevant SF-50 or its equivalent is available, send it now; however, do NOT delay filing your appeal because of it. You may submit the SF-50 when it becomes available. Later in the proceeding, you will be afforded an opportunity to submit detailed evidence in support of your appeal.

*Removal from Federal service.*

| 13. Name and address of the agency that took the action you are appealing *(including bureau or other divisions, as well as street address, city, state and ZIP code)* | 14. Your position title and duty station at the time of the action appealed |
|---|---|
| *Guam DDESS, USNH BLDG 100, PSC 490 Box 7655 FPO AP 96538-1600* | *Teacher AAFB, Guam* |

| 15. Grade at time of the action appealed | 16. Salary at the time of the action appealed | 17. Are you a veteran and/or entitled to the employment rights of a veteran? |
|---|---|---|
| *AD 15 00* | $ *26.41* per *hour* | [ ] Yes  [ ] No |

| 18. Employment status at the time of the action appealed | 19. If retired, date of retirement *(month, day, year)* | 20. Type of service |
|---|---|---|
| [ ] Temporary   [ ] Applicant   [ ] Retired [X] Permanent   [ ] Term   [ ] Seasonal | | [ ] Competitive   [ ] SES [X] Excepted   [ ] Postal Service [ ] Foreign Service |

| 21. Length of government service | 22. Length of service with acting agency | 23. Were you serving a probationary or trial period at the time of the action appealed? |
|---|---|---|
| 6 YEARS | 6 YEARS | [ ] Yes   [X] No |

| 24. Date you received written notice of the proposed action *(month, day, year)* *(attach a copy)* | 25. Date you received the final decision notice *(month, day, year) (attach a copy)* | 26. Effective date of the action appealed *(month, day, year)* |
|---|---|---|
| FEBRUARY 18. 2003 | MAY 08, 2003 | APRIL 14, 2003 |

Optional Form 283 (Rev 11/98)
MPSB
5 CFR 1201, 1208, and 1209
Page 2

27. Explain briefly why you think the agency was wrong in taking this action.

The removal action is not supported by the preponderance of the evidence, thereby, is considered unreasonable and unjust. The investigation was not conducted properly as evidence was submitted but overlooked by the Agency. The Agency failed to fully comply with the labor regulations stated in the Master Labor Agreement so did not promote the efficiency of the service.

| 28. Do you believe the penalty imposed by the agency was too harsh? | 29. What action would you like the Board to take on this case (i.e., what remedy are you asking for)? |
|---|---|
| ☒ Yes ☐ No | SEE ATTACHMENT |

## Part IV Appellant's Defenses

| 30.a) Do you believe the agency committed harmful procedural error(s)? | 30.b) If so, what is (are) the error(s)? |
|---|---|
| ☒ Yes ☐ No | SEE ATTACHMENT |

30.c) Explain how you were harmed by the error(s).

SEE ATTACHMENT

**Block 31 - Violations of Law:** If you use this block to claim a violation of your rights under USERRA or VEOA, you must include the information required by the Board's regulations at 5 C.F.R. 1208.13 (for USERRA appeals) or 5 C.F.R. 1208.23 (for VEOA appeals). DO NOT use this block to claim a violation of the Whistleblower Protection Act; instead, complete Part VII and, if you are also requesting a stay, Part VIII.

| 31.a) Do you believe that the action you are appealing violated the law? | 31. b) If so, what law? |
|---|---|
| ☒ Yes ☐ No | |

31. c) How was it violated?

SEE ATTACHMENT

32.a) If you believe you were discriminated against by the agency, in connection with the matter appealed, because of your race, color, religion, sex, national origin, marital status, political affiliation, disability, or age, indicate so and explain why you believe it to be true.

SEE ATTACHMENT

| 32.b) Have you filed a formal discrimination complaint with your agency or any other agency concerning the matter which you are seeking to appeal? | ☐ Yes (attach a copy) | ☒ No |
|---|---|---|

| 32.c) If yes, place filed (agency, number and street, city, state, and ZIP code) | 32.d) Date filed (month, day, year) |
|---|---|
| | 32.e) Has a decision been issued? ☐ Yes (attach a copy) ☒ No |

Optional Form 283 (Rev 11/00)
MFSB
5 CFR 1201, 1203, and 1209
Page 5

33.a) Have you, or anyone in your behalf, filed a formal grievance with your agency concerning this matter, under a negotiated grievance procedure provided by a collective bargaining agreement?

☐ Yes (attach a copy)    ☒ No

33. b) Date filed *(month, day, year)*

33.c) If yes, place filed *(agency, number and street, city, state, and ZIP code)*

33.d) Has a decision been issued?

☐ Yes (attach a copy)    ☐ No

33.e) If yes, date issued *(month, day, year)*

## Part V Hearing

34. You may have a right to a hearing on this appeal. If you do not want a hearing, the Board will make its decision on the basis of the documents you and the agency submit, after providing you and the agency with an opportunity to submit additional documents.

**Do you want a hearing?**    ☒ Yes    ☐ No

If you choose to have a hearing, the Board will notify you where and when it is to be held.

## Part VI Reduction in Force

### INSTRUCTIONS
**Fill out this part only if you are appealing from a Reduction in Force.** Your agency's personnel office can furnish you with most of the information requested below.

35. Retention group and sub-group

36. Service computation date

37. a) Has your agency offered you another position rather than separating you?

☐ Yes    ☐ No

37.b) Title of position offered

37.c) Grade of position offered

37.d) Salary of position offered

$ _____ per _____

37.e) Location of position offered

37.f) Did you accept this position?

☐ Yes    ☐ No

38. Explain why you think you should not have been affected by the Reduction In Force. *(Explanations could include: you were placed in the wrong retention group or sub-group; an error was made in the computation of your service computation date; competitive area was too narrow; improperly reached for separation from competitive level; an exception was made to the regular order of selection; the required number of days notice was not given; you believe you have assignment [bump or retreat] rights ; or any other reasons. Please provide as much information as possible regarding each reason.)*

Optional Form 283 (Rev 11/89)
MSPB
5 CFR 1201, 1208, and 1209
Page 4

## Part VII Whistleblowing Activity

### INSTRUCTIONS

Complete Parts VII and VIII of this form only if you believe the action you are appealing is based on whistleblowing activities. If you filed a complaint with the Office of Special Counsel (OSC) using Form OSC-11 (8/00) before filing this appeal, you may attach a copy of Part 2, Reprisal for Whistleblowing, of the OSC form together with any continuation sheet or supplement filed with OSC. This will give the Board the information requested in blocks 39(a) through (c) below. Please complete the other blocks in this part even if you attach Form OSC-11.

| 39.a) Have you disclosed information that evidences a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety? | 39.b) If yes, provide the name, title, and office address of the person to whom the disclosure was made. |
|---|---|

☐ Yes (attach a copy or summary of disclosure)    ☐ No

39.c) Date the disclosure was made *(month, day, year)*

40. If you believe the action you are appealing was... *(please check appropriate box)*

☐ *Threatened*        ☐ *Proposed*        ☐ *Taken*        ☐ *Not Taken*

... because of a disclosure evidencing a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety, provide:

a) a chronology of facts concerning the action appealed; and

b) explain why you believe the action was based on whistleblowing activity and attach a copy of any documentary evidence

| 41.a) Have you sought corrective action from the Office of Special Counsel concerning the action which you are appealing?<br><br>☐ Yes (attach a copy of your request to the Office of Special Counsel for corrective action)   ☐ No | 41.b) If yes, date(s) filed *(month, day, year)* |
|---|---|

41.c) Place filed *(location, number and street, city, state, and ZIP code)*

Optional Form 283 (Rev 11/98)
MSPB
5 CFR. 1201, 1208, and 1209
Page 5