42. Have you received a written notice of your right to file this appeal from the Office of Special Counsel?

☐ *Yes (attach a copy)*  ☐ *No*

| 43.a) Have you already requested a stay from the Board of the action you are seeking to appeal? | 43.b) If yes, date requested *(month, day, year)* |
|---|---|
| ☐ *Yes (attach a copy)*  ☐ *No* | |
| 43.c) Place filed *(location, number and street, city, state, and ZIP code)* | 43.d) Has there been a decision? ☐ *Yes (attach a copy)*  ☐ *No* |

## Part VIII Stay Request

### INSTRUCTIONS

You may request a stay of a personnel action allegedly based on whistleblowing at anytime after you become eligible to file an appeal with the Board under 5 C.F.R. 1209.5, but no later than the time limit set for the close of discovery in the appeal. The stay request may be filed prior to, simultaneous with, or after the filing of an appeal. When you file a stay request with the Board, you must simultaneously serve it upon the agency's local servicing personnel office or the agency's designated representative. 5 C.F.R 1209.8.

If your stay request is being filed prior to filing an appeal with the Board, you must complete Parts I and II and items 41 through 43 above.

44. On separate sheets of paper, please provide the following. Please put your name and address at the top of each page.

a. A chronology of facts, including a description of the disclosure and the action taken by the agency (unless you have already supplied this information in Part VII above).

b. Evidence and/or argument demonstrating that the:

(1) action threatened, proposed, taken, or not taken is a personnel action, as defined in 5 C.F.R. 1209.4(a); and

(2) action complained of was based on whistleblowing, as defined in 5 C.F.R. 1209.4(b) (unless you have already supplied this information in Part VII above).

c. Evidence and/or argument demonstrating that there is a substantial likelihood that you will prevail on the merits of your appeal of the personnel action.

d. Documentary evidence that supports your stay request.

e. Evidence and/or argument addressing how long the stay should remain in effect.

f. Certificate of service specifying how and when the stay request was served on the agency.

g. You may provide evidence and/or argument concerning whether a stay would impose extreme hardship on the agency.

*Privacy Act Statement: This form requests personal information which is relevant and necessary to reach a decision in your appeal. The Merit Systems Protection Board collects this information in order to process appeals under its statutory and regulatory authority. Since your appeal is a voluntary action you are not required to provide any personal information in connection with it. However, failure to supply the Merit Systems Protection Board with all the information essential to reach a decision in your case could result in the rejection of your appeal*

*The Merit Systems Protection Board is authorized under provisions of Executive Order 9397, dated November 22, 1943, to request your Social Security number, but providing your Social Security number is voluntary and failure to provide it will not result in the rejection of your appeal. Your Social Security number will only be used for identification purposes in the processing of your appeal.*

*You should know that the decisions of the Merit Systems Protection Board on appeals are final administrative decisions and, as such, are available to the public under the provisions of the Freedom of Information Act. Additionally, it is possible that information contained in your appeal file may be released as required by the Freedom of Information Act. Some information about your appeal will also be used in depersonalized form as a database for program statistics.*

*Public Reporting Burden: The public reporting burden for this collection of information is estimated to vary from 20 minutes to 1 hour, with an average of 30 minutes per response, including time for reviewing the form, searching existing data sources, gathering the data necessary, and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to Financial and Administrative Management, Merit Systems Protection Board, 1615 M Street, NW., Washington, DC 20419.*

Optional Form 283 (Rev 11/96)
MPSB
5 CFR 1201, 1208, and 1209
Page 6)

Rodriguez, Carmen K.
160 E. San Antonio Ave.
Dededo, Guam 96929

## CONTINUATION OF APPEAL FORM

### Part III. Item 27

With its regulations and the labor agreement.

### Part III. Item 29

1. Cancellation of the removal action and expunging all materials pertaining to the removal action.
2. Backpay: to include pay for those days that I was placed in a nonpay status prior to 14 April 2003.
3. Return to my former position.
4. Reimbursement for attorney's fees when one is retained.
5. Restoration of all benefits ( i.e., leave, insurance, etc.)

### Part IV. Item 30 b

1. The effective date of removal on 14 April 2003 was prior to 08 May 2003 which is the date of the Decision of Proposed Notice.
2. The Agency failed to consider the extenuating circumstances of the Appellant's medical condition exacerbated by the trauma incident on 11 October 2002 as corroborated by two physicians.
3. The Agency failed to apply the progressive discipline concept as provided in the labor agreement.
4. The Agency failed to apply constructive discipline as provided in the labor agreement.

### Part IV. Item 30c

The outcome would have been different had the Agency complied fully with its regulations and labor agreement. This decision I received on 08 May 2003 for a retroactive removal from service on 14 April has severed my livelihood, especially since I am a single parent who is supporting a daughter in college. I was traumatized on 11 October 2002 in my classroom and this retroactive decision has confused me further when the Agency gave me two other effective dates: May 14th and May 16th after I have already made a decision and completed the MSPB papers on May 11, 2003 which is Mother's Day. I do not need more confusion in my life when I am desperately trying to get healthy again. Handing down such a life shattering decision of removal retroactively caused extreme harm, was cruel and its emotional impact was irrevocable since it severed my livelihood without just cause. Receiving the removal papers on Thursday right before Mother's Day weekend was cold-hearted and malicious especially since I have a medical condition due to the trauma inflicted by a DoDEA official. Documentation is provided.

Rodriguez, Carmen K.
160 E. San Antonio Ave.
Dededo, Guam 96929

I am praying that the Merit Systems Protection Board can provide me with some clarity as to what is truly the correct procedure in being removed or separated from Federal service and what the expectancies are. There must be more to it than turning in one's sticker, badge, keys, and teaching materials. Since our teachers' pay is spread out over 26 pay periods, I have not received any word of a lump sum payment nor do I have any clue whether my medical insurance has been cut off at all.

Rodriguez, Carmen K.
160 E. San Antonio Ave.
Dededo, Guam 96929

# INDEX OF DOCUMENTS

RECEIVED
03 MAY 13 AM 9:42

PROTECT... ...TERS
BOARD

| | DESCRIPTION | PAGE |
|---|---|---|
| 1. | Second Decision of Proposed Removal Notice dated 12 May 2003 | 1 |
| 2. | First Decision of Proposed Removal dated 8 May 2003 | 3 |
| 3. | Letter From Dr. Leon Guerrero (Appellant's Physician) | 6 |
| 4. | Proposed Removal Notice dated 18 February 2003 | 7 |
| 5. | Memorandum dated 21 February 2003 received by Mr. Kelsey 10 March 2003 | 11 |
| 6. | Facsimile from Carmen Rodriguez to Dr. Richard Tom dated 29 Jan 03 with two (2) Attachments (CA Form with 2 pages:CA-1 Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation and incomplete Official Supervisor's Report unsigned, Designation of Representative) | 12 |
| 7. | Facsimile dated 28 January 2003 from Carmen Rodriguez to Dr. Richard Tom with (2) Attachments (Attending Physician's Reports) | 17 |
| 8. | EEOC Order dated 27 January 2003, EEOC No. 370-A2-X2760 | 20 |
| 9. | Memorandum dated 14 January 2003 signed by Dr. Susan E. Burdick, DSO | 21 |
| 10. | Guam Police Report for Terrorizing dated 22 October 2002 | 24 |
| 11. | Declaration In Support Of Order To Show Cause- Temporary Restraining Order | 25 |
| 12. | Restraining Order Issued by Guam Superior Court dated 31 October 2002 | 26 |
| 13. | Memorandum dated 15 October, Subject: Placement on Administrative Leave at Home, signed by Joseph E. Masters, principal, Andersen Elementary School, Guam DDESS | 27 |
| 14. | Teaching Certificate: Professional II Elementary K-5 and Special Education issued August 2002 | 28 |
| 15. | EEO counselor's Report dated 21 May 2002 | 29 |
| 16. | Performance Appraisal Approved 05 June 2002, Joseph E. Masters, principal | 31 |
| 17. | Memorandum dated 15 June 2000 signed by Joseph Caruselle, NAESP-National Distinguished Principal, Andersen Elementary School | 38 |
| 18. | Performance Appraisal Approved 14 May 1999 by Dr. Richard Tom | 40 |
| 19. | Letter of Appreciation dated 16 November 1999 signed by Joseph Caruselle, Principal | 44 |
| 20. | Teaching Certificate: Professional II Reading K-12 issued 15 August 1997 EXP. **2003** | 45 |



GUAM DOMESTIC DEPENDENT
ELEMENTARY SECONDARY SCHOOL (DDESS)
DISTRICT SUPERINTENDENT OFFICE
USNH, BLDG. 100
PSC 490 BOX 7655
FPO AP 96538-1600

12 May 2003

SUP/344-9578/202-02

MEMORANDUM FOR    Carmen Rodriguez

SUBJECT:    Decision of Proposed Removal

1. Reference my memorandum dated 8 May 2003, subject: Notice of Proposed Removal.

2. You were notified by above referenced memorandum that I had decided your removal from Federal service is warranted to promote the efficiency of the service and that you would be removed from Federal service effective 14 April 2003. However, the effective date of the removal that was identified in that memorandum was incorrect. You should have been advised that the effective date of your removal was 14 May 2003, not 14 April 2003. As a result, I am amending my original notice to you. You will be continued in an administrative leave status, without interruption, through 16 May 2003, and your removal will be effective at midnight on 16 May 2003.

3. The above referenced memorandum also notified that you have a right to file a complaint of discrimination, to file a grievance under the negotiated agreement, or to appeal this action to the Merit Systems Protection Board (MSPB). The deadlines by which you must file a complaint of discrimination, file a grievance under the negotiated agreement, or appeal this action to the Merit Systems Protection Board (MSPB) are changed as a result of the amended effective date of your removal.

    a. If you believe that this personnel action was based upon discrimination against you because of your race, color, religion, sex, national origin, age or handicap, you may file a complaint of discrimination with the DDESS Equal Employment Opportunity Program Manager, DoDEA Personnel Center, 4040 N. Fairfax, Arlington, VA 22203-1634. Should you elect to file a complaint of discrimination, your complaint must be initiated within forty-five (45) calendar days from the effective date of your removal and will be processed in accordance with Equal Employment Opportunity Commission (EEOC) regulations at Title 29 Code of Federal Regulations (CFR) Part 1614.

    b. The procedures and timelines for filing a grievance are contained in Article 26 Grievance Procedure, of the Master Labor Agreement between DoD Domestic Dependent Elementary and Secondary Schools and Federal Education Association – Stateside

c. You have a right to appeal this action to the Merit Systems Protection Board. If you decide to appeal to MSPB, your appeal must be submitted in two copies and may be personally delivered during normal business hours or sent certified mail to the Seattle Field Office, Merit Systems Protection Board, Room 1840, 915 Second Avenue, Seattle, WA 98174-1056, during the period 17 May 2003 through 16 June 2003. You were previously provided the form, which may be used to file your appeal and the Merit Systems Protection Board Regulations.

DOUG KELSEY
Acting Superintendent

Cc: Elizabeth Flores

I, Carmen Rodriguez, acknowledge that I received this memorandum on May 12, 2003.

_Carmen Rodriguez_
Signature

_May 12, 2003_
Date

2



DEPARTMENT OF DEFENSE
DOMESTIC DEPENDENT ELEMENTARY AND SECONDARY SCHOOLS
DDESS Guam High School
200 Halsey Drive
Asan, Guam-96911

8 May 2003

MEMORANDUM FOR Carmen Rodriguez

SUBJECT: Decision of Proposed Removal

1. Reference Ms. Burdick's memorandum of 18 February 2003, subject: Notice of Proposed Removal.

2. You were notified by above referenced memorandum that it was proposed to remove you from Federal service for (1) absence without leave (AWOL); (2) disorderly conduct; and (3) failure to follow instructions. I have carefully considered the facts surrounding your proposed removal, including the your oral response and the written submission you subsequently provided. I have made the following determinations regarding each charge and specification:

    a. Charge I. Absence Without Leave (AWOL).

        Specification 1: AWOL on Friday, 11 October 2002. I find this specification supported by a preponderance of the evidence and I sustain this specification.

        Specification 2: AWOL on Tuesday, 15 October 2002. I find this specification supported by a preponderance of the evidence and I sustain this specification.

        Specification 3: AWOL from 6 January 2003 through 17 February 2003. I find this specification supported by a preponderance of the evidence and I sustain this specification.

    As I have sustained all specifications, I find Charge I is supported by a preponderance of the evidence and is sustained.

    b. Charge II. Disorderly Conduct.

        Specification 1: Inappropriate conduct in your classroom on 11 October 2002 in that your actions and the statements you made to Mr. Joe Masters, your supervisor, were disruptive. I find this specification supported by a preponderance of the evidence and I sustain this specification.

Specification 2: Inappropriate conduct in your classroom on 11 October 2002 in that your behavior and the statements you made to Ms. Hall, the Assistant Principal, were disruptive. I find this specification supported by a preponderance of the evidence. However, in light of all relevant factors, I do not believe the imposition of discipline is appropriate for this offense, and I do not sustain this specification.

        Specification 3: Making harassing telephone calls to Ms. Deborah Webster, the parent of one of your students, on 14 and 15 October 2002. I find this specification supported by a preponderance of the evidence and I sustain this specification.

        Specification 4: Making a telephone call to Ms. Tracy Pierce in which your statements caused her to request her son be moved from your classroom. I find this specification was not supported by a preponderance of the evidence and I do not sustain this specification.

As I have sustained specifications 1 and 3, I find Charge II is supported by a preponderance of the evidence and is sustained.

c. Charge III, Failure to Follow Instructions.

Specification 1: Failure to follow instructions to sign out before you left school grounds on 11 October 2002. I find this specification was supported by a preponderance of the evidence and I sustain this specification.

Specification 2: Failure to follow instructions to maintain a current home address and telephone number on file in the school office as established by inability to contact you on 15 October 2002. I find this specification was supported by a preponderance of the evidence and I sustain this specification.

Specification 3: Failure to follow instructions to submit your parent-teacher conference schedule to the office no later that 9 October 2002. I find this specification was supported by a preponderance of the evidence. However, in light of all relevant factors, I do not believe the imposition of discipline is appropriate for the offense, and I do not sustain this specification.

Specification 4 (erroneously numbered as specification 5 in the notice of proposed removal): Failure to follow instructions to submit student report cards no later than 15 October 2002. I find this specification was supported by a preponderance of the evidence. However, in light of all relevant factors, I do not believe the imposition of discipline is appropriate for the offense, and I do not sustain this specification.

Specification 5 (erroneously numbered as specification 6 in the notice of proposal removal) : Failure to follow instructions to obtain parental consent prior to audio-taping and/or video-taping students as established by your video-taping of students on 11 October 2002 without first having gained the required parental consent. I find this specification was supported by a preponderance of the evidence and I sustain this specification.

Specification 6 (erroneously numbered as specification 7 in the notice of proposed removal); Failure to follow Ms. Hall's instructions to bring books from the Scholastic Book Club to the front gate for her to pick up as established by your giving the books to a co-worker, Ms. Liz Flores, for delivery to students. I find this specification was supported by a preponderance of the evidence and I sustain this specification.

As I have sustained specifications 1, 5, and 6, I find Charge II is supported by a preponderance of the evidence and is sustained.

3. Although I did not sustain all specifications or determine all sustained specifications warranted discipline, I did sustain at least one specification within each charge and determined it warranted discipline. As a result, I determined that all charges contained in the notice of proposed removal are supported by a preponderance of the evidence and warrant disciplinary action. In reaching my conclusions, I did consider the allegations raised in your oral and written replies that your supervisor, Joseph Masters, had engaged in harassment, both sexual and non-sexual, of you and your co-workers, and your implication that your rejection of him led to this proposed action. I investigated your allegations, but could not find any evidence to substantiate your claim.

4. Having determined that all charges were supported by a preponderance of the evidence and were sustained, but that all underlying specifications were not sustained, I turned to the decision of whether the penalty of removal was appropriate. I considered your five (5) years of Federal service, that your performance has been acceptable or better, and your lack of any prior discipline. I have also considered, however, that the charges of AWOL, disorderly conduct, and failure to follow instructions are all serious offenses, that as a professional educator you represent the Agency to our stakeholders, that the offenses have affected your supervisor's trust in you, and that the penalty of removal is within the range of acceptable penalties as defined by the agency. Considering the sustained reasons and

all of the factors identified above, I have determined that your removal from Federal service is warranted to promote the efficiency of the service. Accordingly, you will be removed from Federal service effective 14 April 2003.

3. You have a right to file a complaint of discrimination, to file a grievance under the negotiated agreement, or to appeal this action to the Merit Systems Protection Board (MSPB). However, you may elect only one of these procedures.

    a. If you believe that this personnel action was based upon discrimination against you because of your race, color, religion, sex, national origin, age or handicap, you may file a complaint of discrimination with the DDESS Equal Employment Opportunity Program Manager, DoDEA Personnel Center, 4040 N. Fairfax, Arlington, VA 22203-1634. Should you elect to file a complaint of discrimination, your complaint will be processed in accordance with Equal Employment Opportunity Commission (EEOC) regulations at Title 29 Code of Federal Regulations (CFR) Part 1614.

    b. The procedures for filing a grievance are contained in Article 26, Grievance Procedure, of the Master Labor Agreement between DoD Domestic Dependent Elementary and Secondary Schools and Federal Education Association – Stateside Region.

    c. You have a right to appeal this action to the Merit Systems Protection Board. If you decide to appeal to MSPB, your appeal must be submitted in two copies and may be personally delivered during normal business hours or sent certified mail to the Seattle Field Office, Merit Systems Protection Board, Room 1840, 915 Second Avenue, Seattle, WA 98174-1056, during the period 7 May 2003 through 5 June 2003. At Enclosure 1 is a form which may be used to file your appeal, and at Enclosure 2 is a copy of the Merit Systems Protection Board Regulations.

DOUG KELSEY
Acting Superintendent

2 Enclosures
1. MSPB Appeal Form
2. MSPB Regulations

April 7, 2003

Dr. Doug Kelsey
Acting Superintendent
Guam Domestic Dependent
Elementary Secondary School
District Superintendent Office
USNH, Building 100
PSC 490 Box 7655
FPO AP 96538-1600

**Re: Carmen Rodriguez**

Dear Dr. Kelsey,

I am writing this letter at the request of your employee Ms. Carmen Rodriguez to inform you that she has been under my care since 10/23/02 for Major Depression and Post-Traumatic Stress Disorder since an assault on 10/11/02. This stress has also caused a severe exacerbation of her asthma, which I have been working together with her primary physician in taking care of.

Thank you for your attention.

Sincerely,

Archana G. Leon-Guerrero, M.D.
Psychiatrist/Medical Director
Diplomate, American Board of Psychiatry & Neurology

Crodriguez40703.word



**GUAM DOMESTIC DEPENDENT**
**ELEMENTARY SECONDARY SCHOOL (DDESS)**
**DISTRICT SUPERINTENDENT OFFICE**
**USNH, BLDG. 100**
**PSC 490 BOX 7655**
**FPO AP 96538-1600**

18 February 2003

**MEMORANDUM FOR CARMEN RODRIGUEZ**

Subject: Proposed Removal

1. This is to advise you that I am proposing to remove you from Federal service not earlier than thirty (30) calendar days from receipt of this memorandum. You will be placed in a paid administrative leave status pending final disposition of this action.

2. The specific reasons for this proposed removal are as follows:

CHARGE I: Absence Without Leave (AWOL).

Specification 1: On Friday, 11 October 2002, at approximately 1:40 p.m., you absented yourself without authority from your duty station, the Andersen Elementary School, Andersen Air Force Base, Guam. Normal duty hours extend from 7:30 a.m. until 3:00 p.m. Your absence was not authorized, nor did you request leave for that afternoon.

Specification 2: On Tuesday, 15 October 2002, you were absent, without authority, from your duty station, the Andersen Elementary School, Andersen Air Force Base, Guam. You were required to be at your duty station from 7:30 a.m. through 3:00 p.m. on that day. Your absence was not authorized, you had not submitted a leave request form and obtained approval for your absence, nor did you telephonically notify the school office that morning that you would not be present.

Specification 3: From 6 January 2003 through the present, you were absent, without authority, from your required duty station, Andersen Elementary School, Andersen Air Force Base, Guam. Normal duty hours extend from 7:30 a.m. until 3:00 p.m. Your absence was not authorized, and your request for administrative leave was denied on 14 January 2003.

CHARGE II: Disorderly Conduct.

Specification 1: On Friday morning, 11 October 2002, you engaged in inappropriate conduct in your classroom at Andersen Elementary School, which was disruptive. Specifically, when your supervisor, Principal Joe Masters, entered your classroom to question what, if any, assistance you needed in putting away items that had previously been stored in a large metal storage cabinet, you appeared to become upset. Mr. Masters began to leave the classroom to avoid a confrontation in front of the students and you loudly told him "The lawyer said I could keep the shelf." Mr. Masters continued toward the door without comment and you followed him

1

saying in a loud voice that you were going to add this to your complaint. Mr. Masters responded that he didn't know about any type of complaint and that you could do that if you wanted. As Mr. Masters backed out of the door, you came close to him, waved your finger in his face, and loudly questioned whether he was trying to threaten you. Mr. Masters asked you to put your finger down, advised you not to threaten him, and questioned whether you wanted him to go. You raised your voice louder and said "Are you saying you will get me out of here?" He responded that was not what he had said and you again, in a loud voice said, "Are you saying you will get me out of here?". He again told you that is not what he said and walked away. You began loudly saying "I want security. I want security." Although for some portion of this incident Mr. Masters was in the hallway, you were standing in the classroom doorway with the door open and your loud statements could be heard by the students in your classroom. Your actions caused a complete disruption of the educational mission in that classroom.

Specification 2: On 11 October 2002, the Assistant Principal, Sherry Hall, entered your classroom at approximately 8:15 a.m. following your call to the school office requesting the Security Police. When Ms. Hall entered the room, all but one of the students were sitting silent looking at you while one student was standing at your desk with her arms around you and her head on your shoulder. You were crying hysterically and speaking in a loud voice: "that man had no right to do this to me. . . He had no right to do this to my children." Ms. Hall requested you come with her outside of the classroom. You slapped your hand on the computer table and stated "I am not leaving here until Security Police come to this room and I make a statement about this whole incident." Ms. Hall advised you she did not know what you were talking about and did not understand why you were so upset. You began a stream of conversation relating to the conversation you had earlier with Mr. Masters. Mr. Hall then requested Mr. Ruiz, who had accompanied her to your classroom, to work with the students while she talked to you. She turned so that you and she were not facing the students and tried to calm you down. Ms. Hall again asked you to go outside the classroom with her because the children should not be seeing or hearing your exchange and you raised your voice and replied, "Ms Hall, this is reality and they need to be aware of reality."

Specification 3: On 14 and 15 October 2002, you made three harassing telephone calls to Ms. Deborah Webster, the parent of one of your students, Danney Webster. During those calls, you proceeded to make negative comments about your supervisor, Mr. Masters, to include the following: that you weren't safe there (at Andersen Elementary School), that he had threatened your life in front of the children, that you believed if you returned to school that Mr. Masters would burst in and do a number on you. You told Ms. Webster that Mr. Masters had told a parent that his son was a liar, after his child wrote that Mr. Masters screamed at her in a deep menacing voice. You advised Ms. Webster to keep her daughter home from school. You further alleged that you were concerned the whole thing (the incident on 11 October 2002) would be whitewashed over and that the children would be brainwashed; and that you didn't want any witness tampering by the school. To this end, you solicited Ms. Webster to call the Family Advocacy Office to go into the classroom and counsel the children about the incident. Lastly, you solicited Ms. Webster not to disclose your telephone number to the school district. These calls were inappropriate and extremely disconcerting to Ms. Webster who, afterwards, questioned your continued ability to perform as a classroom teacher. As a result, Ms. Webster asked the school administrators to remove Danney from your class.

2

Specification 4: Following the incident on 11 October 2002, you called Ms. Tracy Pierce, the parent of one of your students, Marcus Pierce. You told Ms. Pierce that you were scared for your life and that Mr. Masters had put his finger up like a gun, pointing it at your head, and said that he was going to take you out. As a result of your statements to her, Ms. Pierce advised school administrators that she did not want her son in your classroom any longer.

CHARGE III: Failure to Follow Instructions.

Specification 1: During teacher orientation, conducted on or about 7 August 2002, and in the Teacher Handbook, all staff members were instructed they must sign out before they leave the school grounds during the duty day. Nonetheless, you failed to follow this instruction on 11 October 2002 when you departed Andersen Elementary School at approximately 1:40 p.m.

Specification 2: All staff members were instructed on or about 22 August 2002 in the Andersen Elementary School Faculty Bulletin that the school administration must have a file in the office a current phone number and address. Nonetheless, when attempts were made to contact you on or about 15 October 2002, it was discovered that the home address and telephone number on file for you were not current.

Specification 3: All staff members were advised over a seven (7) day period in the Andersen Elementary School Faculty Bulletin that parent-teacher conference schedules were required to be submitted to the office no later than October 9, 2002. Nonetheless, you failed to follow this instruction and, as a result, all parent-teacher conferences scheduled for 16-18 October 2002 had to be cancelled.

Specification 5: All staff members were advised by the Andersen Elementary School Faculty Bulletin, by e-mail, and by a posting in the staff lounge of the procedures and the 15 October 2002 deadline for submission of report cards. In spite of this, the reports cards for your students were not received until 18 October 2002.

Specification 6: During staff orientation conducted on or about 7 August 2002, all staff members were advised that parental consent was required prior to audio taping and/or video taping students. Nonetheless, on 11 October 2002, you failed to follow this instruction by videotaping your students in your classroom at Andersen Elementary School without first having gained parental consent.

Specification 7: On 12 November 2002, Ms. Sherry Hall questioned where the books were that students had ordered from the Scholastic Book Club. When you told her the books were at your home, she told you to box the books up and deliver them to the front gate where Ms. Hall would pick them up and ensure they were given to the students. You indicated you would do so. However, Ms. Liz Flores subsequently distributed the books to some of your students. When questioned, Ms. Flores indicated you had called her and asked her to distribute the books, and had called the parents of your students to set up a time for them to come to Ms. Flores' classroom and pick up the books.

3

3. Additional information supporting these charges is set forth below:

    a. On 8 and 11 October 2002, Mr. Masters specifically advised you that the large metal storage cabinet in your classroom would be moved out on Friday, 11 October 2002. He also told you that you could keep the trays in the cabinet for further use in your classroom. Thus, you had specific prior notice that the cabinet would be moved on Friday morning, and there was absolutely no reason for your unjustifiable outburst on 11 October 2002.

    b. Furthermore, you were previously issued a Letter of Caution on 24 September 2001 that loud, insolent, and threatening remarks to your supervisors were inappropriate, unprofessional, and would not be tolerated. Despite this prior warning, you engaged in similar unacceptable behavior on 11 October 2002.

    c. By memorandum dated 14 January 2003, you were specifically advised that your request for administrative leave was disapproved, that you were in an "absent without leave" non-pay status effective 6 January 2003, and that continuing AWOL might form the basis for a disciplinary action. Further, you were advised in that same memorandum that specific, detailed medical documentation was required to support your continuing absence from 6 January 2003 through the present. Still, you have not submitted such documentation or a request for sick leave.

3. Your inappropriate and unprofessional conduct as described above has severely impacted your continued ability to perform as a teacher in this school district, reflects badly on the Guam Dependents Schools, and has adversely effected the confidence of parents in your ability to provide appropriate instruction and guidance in the classroom. Therefore, this action is proposed to promote the efficiency of the service.

5. You have a right to reply to this notice orally, in writing, or both, to Dr. Richard Tom, Superintendent, Guam DDESS. If you desire to make an oral reply, Mr. Gordon Harmon, Personnel Center Site Office, telephone number 671-344-9570, will arrange an appointment for you. You may submit any and all reasons, including affidavits and witness statements, why you believe this proposed removal should not be affected. You have twenty (20) calendar days to reply to this proposed action; consideration will be given to extending the time allowed for a reply if you submit a written request to Dr. Tom stating your reason(s) for desiring more time. No final decision on this proposed action will be made until after receipt of your oral and/or written rely, or after the 20-day period, whichever comes first.

6. An attorney or other appropriate representative may represent you at your expense. You must designate, in writing, your representative to act on your behalf, and your representative may accompany you if a personal reply is made. A copy of the documentary evidence relied upon to support these charges is attached. You may review pertinent regulation(s) by visiting Mr. Gordon Harmon, Personnel Site Office, Building 100, Naval Hospital Road, Agana Heights, Guam.

4

7. If you have a medical condition which may have contributed to the reasons for this proposed removal and you wish this considered, you may furnish medical documentation with your reply. The costs of any medical evaluations are at your own expense. Any medical statement(s) which you submit may not simply state a conclusion, but must fully document the nature of the medical condition and clearly show it caused an impact upon the reasons for this proposed removal.

8. The Civilian Employee Assistance Program (CEAP) is available to assist you in the event there are personal problems affecting your conduct. You may make an appointment by calling the CEAP Coordinator, Randall Nedegaard, at 366-8217. The CEAP Coordinator can direct you to local professional resources for assistance. This information is intended for referral purposes only and is not intended to obligate the School District regarding reasonable accommodation issues.

8. Consideration will be given to the reasons for this proposed action and to any response you submit. If you do not respond within the time limits stated above, the final decision will be based on available evidence concerning the reasons cited above. You will be provided written notice of the decision.

Sue Burdick
Assistant Superintendent

To:          Dr. Richard Tom
             District Superintendent Office

From:        Carmen Rodriguez
             Teacher, Andersen Elementary

Re:          Freedom of Information Act Request
             Workman's Compensation Form CA-1 Copy of Official Supervisor's Report

Dr. Tom,

I would like to request my copy of the Workman's Compensation Form CA-1 which is the Official Supervisor's Report.  This request is being made under the Freedom of Information Act since Mr. Gordon Harmon, Personnel Site Manager, had refused to give me my own copy as I had asked him in person on Friday, February 14, 2003.  He had given me the other papers, but not the Official Supervisor's Report.  Mr. Harmon stated that I had to request for my copy of the Official Supervisor's Report by submitting a FOIA request.  Although I feel that the Official Supervisor's Report should have been included with the rest of my Workman's Compensation papers, I will write a FOIA request.  I just feel that this is another form of harassment and is making life more stressful for me.  Mr. Harmon had admitted that Dr. Sue Burdick, assistant Superintendent, had not finished the Official Supervisor's report.   Ms. Liz Flores, my authorized representative, has asked Dr. Burdick repeatedly for my completed copy of the Workman's Compensation papers and have been told that she would get back to her but Dr. Burdick failed to provide the Workman's Compensation papers for at least two (2) weeks.   According to the Instructions for Completing Form CA-1, it reads: "At the time the form is received, complete the receipt of notice of injury and give it to the employee. ... If medical expense or lost time is incurred or expected, the completed form should be sent to OWCP within 10 working days after it is received."  Clearly, more than 10 days has elapsed.

I had lost my salary for one full month already and have had to borrow money from different people.  I cannot even support my daughter in college because of this tremendous financial hardship.  I have been deprived of eating well, thereby, affecting my health,  paying my medical bills, and supporting my family.  I have had to borrow money just to pay for prescription medicine.  The loss of my salary has caused undue financial hardships on other families here since they are using their own money to financially support me.  This is creating unnecessary stress on several families, especially when we are currently on the brink of war with Iraq and possibly our neighbor, North Korea and should be stocking up on necessary survival items.

I would appreciate your assistance in providing the copy of the Official Supervisor's Report which will complete my Workman's Compensation records.

Thank you,

*Carmen Rodriguez*        DK  3/10/03    *Maria Dooley*
                                         *D. Iglesias present*

# Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation

## U.S. Department of Labor
Employment Standards Administration
Office of Workers' Compensation Programs

Employee: Please complete all boxes 1 - 15 below. Do not complete shaded areas.

Witness: Complete bottom section 16.

Employing Agency (Supervisor or Compensation Specialist): Complete shaded boxes a, b, and c.

### Employee Data

**1. Name of employee (Last, First, Middle)**
Rodriguez, Carmen K.

**2. Social Security Number**
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

**3. Date of birth Mo. Day Yr.**
9-29-54

**4. Sex** ☐ Male ☒ Female

**5. Home telephone**
671-632-2434

**6. Grade as of date of injury**
Level GS12 Step

**7. Employee's home mailing address (Include city, state, and ZIP code)**
P.O. Box 10482 Tamuning, Guam 96931

**8. Dependents**
☐ Wife, Husband
☐ Children under 18 years
☐ Other

### Description of Injury

**9. Place where injury occurred (e.g. 2nd floor, Main Post Office Bldg., 12th & Pine)**
Rm. A-11 Andersen Elementary School (My classroom) Guam District DDESS

**10. Date injury occurred Mo. Day Yr.**
10 11 02

**Time** 8:10 ☒ a.m. ☐ p.m.

**11. Date of this notice Mo. Day Yr.**
1 22 03

**12. Employee's occupation**
Teacher

**13. Cause of injury (Describe what happened and why)**
Principal of Andersen Elem. School, Joseph E. Masters, interrupted reading instructional time as he terrorized and assaulted me threatening my life. Police report filed. Temp. restraining order issued.

**a. Occupation code**

**14. Nature of injury (Identify both the injury and the part of body, e.g., fracture of left leg)**
Severe anxiety, fear, stress reaction, severe asthma flare-up (brain, heart, lungs)

**b. Type code** | **d. Source code**

**OWCP Use - NOI Code**

**Employee Signature**

**15.** I certify, under penalty of law, that the injury described above was sustained in performance of duty as an employee of the United States Government and that it was not caused by my willful misconduct, intent to injure myself or another person, nor by my intoxication. I hereby claim medical treatment, if needed, and the following, as checked below, while disabled for work:

☒ **b.** Continuation of regular pay (COP) not to exceed 45 days and compensation for wage loss if disability for work continues beyond 45 days. If my claim is denied, I understand that the continuation of my regular pay shall be charged to sick or annual leave, or be deemed an overpayment within the meaning of 5 USC 5584.

☐ **a.** Sick and/or Annual Leave

I hereby authorize any physician or hospital (or any other person, institution, corporation, or government agency) to furnish any desired information to the U.S. Department of Labor, Office of Workers' Compensation Programs (or to its official representative). This authorization also permits any official representative of the Office to examine and to copy any records concerning me.

**Signature of employee or person acting on his/her behalf** Carmen Rodriguez **Date** 1-20-03

Any person who knowingly makes any false statement, misrepresentation, concealment of fact or any other act of fraud to obtain compensation as provided by the FECA or who knowingly accepts compensation to which that person is not entitled is subject to civil or administrative remedies as well as felony criminal prosecution and may, under appropriate criminal provisions, be punished by a fine or imprisonment or both.

Have your supervisor complete the receipt attached to this form and return it to you for your records.

### Witness Statement

**16. Statement of witness (Describe what you saw, heard, or know about this injury)**
On Friday, Oct. 11, 2002 at 11:25 AM I went to Ms. Rodriguez's room as we were going out to lunch together. I found her at her desk sobbing uncontrollably. She was so devastated and couldn't tell me what had happened. She seemed terrified as she was shaking. After a few minutes she told me between sobs that Mr. Masters had assaulted her in front of the class. I stayed with her in her room to wait for the police due to being afraid that Mr. Masters would return. She was afraid to be alone because he had threatened her life.

**Name of witness**
Elizabeth S.M. Flores

**Signature of witness**
Elizabeth S.M. Flores

**Date signed**
1-27-03

**Address**
P. Box 10482

**City**
Tamuning

**State**
GU

**ZIP Code**
96931

Form CA-1
Rev. Apr. 1999

She was severely traumatized as I have never seen her fall apart like that before that day. She has always been a very strong person. Elizabeth S.M. Flores

Cu

# Fax

| | | | |
|---|---|---|---|
| **To:** | Dr. Richard Tom, Superintendent, DSO | **From:** | Carmen Rodriguez |
| **Fax:** | 344-9584 | **Date:** | 28 January 03 |
| **Phone:** | 344-9579 | **Pages:** | 1 |
| **Re:** | Attending Physician's Report | **CC:** | Dr. Sue Burdick |
| | Medical therapy, Incident recalled | | |

X **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

**Dr. Tom,**

Please accept the Attending Physician's Report for my Workman's Compensation Claim re: the 11 Oct 02 incident of terrorizing and assault by Andersen Elementary School principal Joseph E. Masters. My asthma condition has been further aggravated by the telephonic harassment incident caused by Dr. Sue Burdick on 05 Dec 02 which was also reported to the Guam Police Department. Currently, I am receiving medication therapy for my severe asthma condition and it is with great hopes that my medical expenses will be paid and not be placed in jeopardy because I have not returned to work. Time off is needed for the medication to take full effect and to get my asthma condition under control and hopefully prevent a relapse. My doctor feels that I should be able to return to work by 17 Feb 03 barring no complications. No complications include staying away from **stressful, hostile people** and situations, as I have written to you previously about, but Dr. Sue Burdick failed to heed. Valuable time has been wasted: my students have had a substitute since 16 Oct 02 and were not counseled that tragic day. They need to know that I am doing better and that I will be returning as their teacher. A crime has been committed and a cover-up has taken place. Is it worth hiding? Who is being protected: the assailant or the victim? We all know how hostile Masters is. This isn't news. First, this all could have been prevented if Masters quit looking for me. Why am I always on his mind? Doesn't he have other more important things to do than harass me during instructional time? Second, George Barnhart should have quietly removed Masters when he was going ballistic in the classroom since Masters was obviously on a roll and could not control his anger. George knew Masters was enraged and just walked away like a coward. This whole horrific traumatic incident could have been prevented if only Masters had listened to you when I had asked you specifically to tell Masters to leave me alone. But, then again, he never listens to you and you know this. He has disrespected you in the past (he still hasn't given me my personal things even though you were there and he saw me looking at you and he said that Mrs. Hall was in charge). This tells me that Mrs. Hall, and not you, is in charge of running the DoDEA Guam District. He will continue his insubordination because he has done successfully so in the past. Fortunately, when we all enter the legal arena, it might finally put a halt to his errant ways since he obviously won't listen to your wise counsel. I truly do not feel that I am his first victim nor his last.

**Attending Physician's Report**

U.S. Department of La...
Employment Standards Administration
Office of Workers' Compensation Programs

**Record of Examination**

| 1. Patient's name    Last | First | Middle | 2. Date of Injury | |
|---|---|---|---|---|
| Rodriguez | Carmen | K. | 10, 11, 02 | |

4. What history of injury (including disease) did patient give you?

Assaulted by principal 10/11/02 while in classroom

5. Is there any history or evidence of concurrent or pre-existing injury or disease or physical impairment?
If yes, please describe)
☐ Yes  ☐ No   Pre-existing asthma (reactive airway disease)

6. What are your findings? (Include nature of x-rays, laboratory tests, etc.)

Persistent congestion/cough over multiple office visits

7. What is your diagnosis?   Reactive airway disease
Status asthmaticus
Situational stress (Post traumatic stress disorder)

8. Do you believe the condition found was caused or aggravated by an employment activity? (Please explain your answer)
☒ Yes  ☐ No

9. Did injury require hospitalization?
If no, go to item #13   ☐ Yes  ☒ No

| 10. Date of admission mo. day yr. | 11. Date of discharge mo. day yr. | 12. Additional Hospitalization required if Yes, describe in "Records" (Item 28)  ☐ Yes  ☐ No |
|---|---|---|

13. What treatment did you provide?

office management of asthma!

| 14. Date of first examination/treatment mo. day yr.   10/16/02 | 15. Date(s) of treatment  mo. day yr. 1/10/03 | 1/24/03  mo. day yr. 1/13/03 | 16. Date of discharge from treatment mo. day yr. not yet discharged |
|---|---|---|---|

17. Period of total disability From mo. day yr. 10/16/02 Thru mo. day yr. 2/19/03 | 18. Period of partial disability From mo. day yr. Thru mo. day yr. | 19. Date employee able to resume light work mo. day yr.

20. Date employee is able to resume regular work mo. day yr. 2/17/03   error | 21. Has employee been advised that he/she can return to work?  ☒ Yes  ☐ No | 22. If yes, on what date was he/she advised? mo. day yr. 1/24/03

23. If employee is able to resume only light work, indicate the extent of physical limitations and the type of work that could reasonably be performed with those limitations (Continue in item #25 if necessary) | 24. Are any permanent effects expected as a result of this injury? If yes, describe in item #25.  ☐ Yes  ☒ No

25. Remarks
Being seen and treated by Dr. Archana Leon Guerrero

26. If you have referred the employee to another physician provide the following:
Name
Address
City                    state          zip

Specialty
Psychiatry

27. What was the reason for this referral?
☒ Consultation  ☒ Treatment

Signature
I understand that any false or misleading statement or any misrepresentation or concealment of material fact which knowingly made may subject me to felony criminal prosecution.

Signature of Physician  Debra B. Ericson MD   Date 1/27/03

29. Name of Physician
DEBRA B. ERICSON, M.D.
851 Gov. Carlos Camacho Road
Tamuning, Guam 96913

30. Tax ID Number

31. Do you specialize?  ☒ Yes  ☐ No

32. If yes, indicate specialty
Family Practice

Form CA-20
Rev. Nov. 1999

Case 1:04-cv-00029    Document 25-18    Filed 06/03/2005    Page 19 of 25

**Attending Physician's Report**

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs

**Record of Examination**

| 1. Patient's name  Last | First | Middle | 2. Date of Injury mo. day yr. | 3. OWCP File Number | OMB No. 1215-0103 Expires: 08-31-02 |
|---|---|---|---|---|---|
| *Rodriguez* | *Carmen* | *K.* | *10 11 02* | | |

4. What history of injury (including disease) did patient give you?

*Assaulted by principal 10/11/02 while in classroom*

5. Is there any history or evidence of concurrent or pre-existing injury or disease or physical impairment? (If yes, please describe)  ☐ Yes  ☐ No    *Pre-existing asthma (reactive airway disease)*    ICD-9 Code

6. What are your findings? (include results of X-Rays, laboratory reports, etc.)

*Persistent cough/wheezing over multiple office visits*

7. What is your diagnosis?    *Reactive airway disease*    ICD-9 Code
*Status asthmaticus*
*Situational stress (Post traumatic stress disorder)*

8. Do you believe the condition found was caused or aggravated by an employment activity? (Please explain answer)  ☒ Yes  ☐ No    *situation above caused fear + resultant symptoms — as confirmed by Dr. LG's consultation*

9. Did injury require hospitalization? If no, go to item # 13  ☐ Yes  ☒ No | 10. Date of admission mo. day yr. | 11. Date of discharge mo. day yr. | 12. Additional Hospitalization required If Yes, describe in "Remarks" (Item 25)  ☐ Yes  ☐ No |

13. What treatment did you provide?

*office management of asthma/*

| 14. Date of first examination mo. day yr.  *10 16 02* | 15. Date(s) of treatment mo. day yr.  *10 14 02*  mo. day yr.  *1 10 03*  mo. day yr.  *1/24/03*  *1 3 03* | 16. Date of discharge from treatment mo. day yr.  *not yet discharged* |
|---|---|---|

| 17. Period of total disability From mo. day yr. Thru mo. day yr.  *10 16 02  2 14 03* | 18. Period of Partial Disability From mo. day yr. Thru mo. day yr. | 19. Date employee able to resume light work mo. day yr. |
|---|---|---|

| 20. Date employee is able to resume regular work  mo. day yr.  *10 16 02*  *2/17/03* *error* | 21. Has employee been advised that he/she can return to work?  ☒ Yes  ☐ No | 22. If yes, on what date was he/she advised? mo. day yr.  *1 24 03* |
|---|---|---|

23. If employee is able to resume only light work, indicate the extent of physical limitations and the type of work that could reasonably be performed with these limitations. (Continue in item #25 if necessary.) | 24. Are any permanent effects expected as a result of this injury? If yes, describe in item #25.  ☐ Yes  ☒ No

25. Remarks  *Being seen and treated by Dr. Archana Leon Guerrero*

| 26. If you have referred the employee to another physician provide the following: | Specialty  *psychiatry* |
|---|---|
| Name | 27. What was the reason for this referral? |
| Address | |
| City            state            ZIP | ☒ Consultation   ☒ Treatment |

**Signature**

I understand that any false or misleading statement or any misrepresentation or concealment of material fact which knowingly made may subject me to felony criminal prosecution.

Signature of Physician  *Debra G Ericson MD*    Date  *1/27/03*

| 29. Name of Physician  **DEBRA G. ERICSON, M.D.** | 30. Tax ID Number |
|---|---|
| Address  **851 Gov. Carlos Camacho Road** | 31. Do you specialize?  ☒ Yes  ☐ No |
| City  **Tamuning, Guam  96913**            ZIP | 32. If yes, indicate specialty  *Family Practice* |

Form CA-20
Rev. Nov. 1999

*Cr*                    *1-25-03*

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## SAN FRANCISCO DISTRICT OFFICE
### 901 MARKET STREET, SUITE 500
### SAN FRANCISCO, CA 94103

|  |  |
|---|---|
| Carmen Rodriguez ) <br> 160 E. San Antonio Avenue ) <br> Dededo, Guam 96929-5420 ) <br> ) <br> Complainant ) <br> ) <br> v. ) <br> ) <br> Donald Rumsfeld, Secretary ) <br> Department of Defense ) <br> ) <br> Respondent. ) | Date: January 27, 2003 <br><br> EEOC NO.  370-A2-X2760 <br> Agency No. DD-FY02-16 <br><br><br> **ORDER** |

Based on confidential medical information received from Complainant's physician dated January 17, 2003, I am <u>DISMISSING this complaint WITHOUT PREJUDICE</u>.  Complainant may reinstate her request for a hearing before the EEOC within <u>six months</u>.  If I do not receive from Complainant a written request for a hearing by <u>July 27, 2003</u>, I will return this complaint file to the agency for appropriate action.

Emily K. MacMillin
Administrative Judge
(415) 356-5214
(415) 356-5216 (fax)

cc:   Robert Sutemeyer
Department of Defense Education Activity
Office of General Counsel
821 San Carlos Road, Building 3813
Pensacola, FL 32508-5531

Carmen Rodriguez
160 E. San Antonio Avenue
Dededo, Guam 96929-5420

RECEIVED

FEB 4 2003

OFFICE OF GENERAL COUNSEL



**GUAM DOMESTIC DEPENDENT
ELEMENTARY SECONDARY SCHOOL (DDESS)
DISTRICT SUPERINTENDENT OFFICE
USNH, BLDG. 100
PSC 490 BOX 7655
FPO AP 96538-1600**

14 January 2003

Ms. Carmen Rodriguez
P.O. Box 10482
Tumuning, Guam 96931

Dear Ms. Rodriguez:

The purpose of this memorandum is to provide you important information concerning employment-related matters. First, I would like to briefly review what has transpired since the incident at Andersen Elementary School on 11 October 2002:

(1) By memorandum dated 15 October 2002 (atch), you were placed in an administrative leave status effective 16 October 2002 until further notice. You were instructed not to be on school premises at Andersen Elementary School for any purpose, either before or after the duty day and on weekends, or any DoDEA/DDESS school or district office site on Guam until further notice.

(2) In early December 2002, you were directed to come to the Guam District Office on 5 December 2002 and meet with the Assistant Superintendent, Dr. Sue Burdick, at 1:00 p.m. You did not appear on that date for the appointment, but instead sent a 2-page facsimile (atch) to Ms. Sherry Hall, Andersen Elementary School Assistant Principal, advising that you were sick and could not come to work. Appended to your message was an SF-71 (Request for Leave) requesting sick leave for 5 and 6 December 2002.

(3) At 7:30 a.m. on 6 January 2003, you telephoned the Andersen Elementary School Office and advised Ms. McNulty, Office Support Assistant, that you were sick, and would be sick through 17 January 2003. You requested administrative leave, but stated that you were unsure if it had been approved.

(4) On 9 January 2003, you sent a 6 page facsimile (atch) to Ms. Sherry Hall, Andersen Elementary School Assistant Principal. Included therein was a SF-71 requesting "Other Paid Absence" for the period 5-20 December 2002, and a SF-71 requesting "Other Paid Absence" for the period 6 January 2003 through 14 February 2003. In the "remarks" block you requested "administrative leave/or Worker's Compensation due to severe asthma, severe stress reaction." Accompanying the SF-71 was a medical slip from "The Doctor's Clinic." 1-20-03

In light of the events noted above, please be advised of the following:

(1) Until further written notice by me, your "Point of Contact" for all employment-related matters will be myself or Mr. Gordon Harmon, Human Resource Office (HRO) Site Manager. My office telephone number is (671) 344-9577; Mr. Harmon's telephone number is (671) 344-9570. Our office address is: Department of Defense Education Activity, DDESS-Guam District Office, PSC 490, Box 7655, FPO AP 96538-1600.

(2) You are directed to notify me in writing as to the designation of your official representative for all employment-related matters. A form is attached for that purpose. I need the full name, mailing address, and telephone number of your representative, and the same information concerning your personal address and telephone number.

(3) Your sick leave request for 5-6 December 2002 has been approved.

(4) Your request for administrative leave for the period 9-20 December 2002 has been approved because of the typhoon.

(5) Your request for administrative leave for the period of 6 January-14 February 2003 is disapproved. The medical documentation which you have submitted (dated 1/10/03) simply indicates that you are under a physician's care for severe asthma and severe stress reaction. It is insufficient to establish that you are incapacitated for work, and does not allow us to determine if it would be appropriate for the agency to approve sick leave.

(6) Effective 6 January 2003, you have been placed in an "absent without leave" non-pay status and will remain in such status until, and if, you request sick leave or leave without pay. This status may be changed by the Agency retroactively if you request sick leave or leave without pay and appropriate medical documentation is subsequently received which would provide sufficient information to allow us to approve sick leave or leave without pay. Appropriate medical documentation for a lengthy absence such as you have requested would require specific detailed information as identified in the attached list of requirements. You should provide this list to your physician so that he/she may prepare the requisite narrative. I have also included a copy of your Position Description for your physician's use in preparing the report.

(7) While your placement in an absent without approved leave (AWOL) status is not punitive in nature, you should be aware that continuing AWOL may form the basis for a disciplinary action.

(8) Enclosed are the requisite Worker's Compensation claim forms for your use in submitting a claim. Be advised that compensation for work-related illness or injury is solely within the discretion of the Department of Labor (DOL), and not DoDEA. If your claim is subsequently approved by DOL, sick leave, if subsequently approved, for the period in question may be bought back with compensation provided by DOL for that purpose. *1-20-03*

2

If you have further questions concerning of these matters, please call or write to us directly, or through your representative. *[handwritten: 1-20-03]*

Sincerely,

*[signature: Susan C Burdick]*

Sue Burdick
Assistant Superintendent *[handwritten: 1-20-03]*

7 Attachments:
1. 15 Oct 02 Memorandum
2. 2 page Facsimile dated 5 Dec 02
3. 6 page Facsimile dated 9 Jan 03
4. Designation of Representative
5. List of Requirements to Establish Medical Condition
6. Position Description (PD)
7. Worker's Compensation Claim Form

3




**Government of Guam**
GUAM POLICE DEPARTMENT
Tiyan, Guam

## RECORDS AND IDENTIFICATION SECTION

**10/22/02**

**TO WHOM IT MAY CONCERN:**

The following is an abstract of the investigation report conducted by this Department:

**EVENT NO.:**   02-13625

**CLASSIFICATION: TERRORIZING**

**COMPLAINANT'S NAME:   CARMEN K. RODRIGUEZ**

ADDRESS:   #160 E San Antonio Ave., Dededo

Date & Time Reported:   10/11/02  12pm          Date & Time Occurred:   10/11/02  8:18am

Location & Point of Entry:   Anderson Elementary School, Yigo

Property Damage:   NONE

Injury (ies) Sustained:   NONE

Description of Vehicle & R/O (if applicable):   NONE

**DESCRIPTION & VALUE OF STOLEN ITEMS:** NONE

EDWARD T. KABINA
Chief of Police

By Direction/lbf

24