

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| CARMEN K. RODRIGUEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>DONALD H. RUMSFELD,<br>SECRETARY OF DEFENSE AND<br>DEPARTMENT OF DEFENSE,<br><br>    Defendants. | Civil Case No. 04-00029<br><br>ORDER RE: DEFENDANTS'<br>MOTION TO DISMISS AND<br>FOR SUMMARY JUDGMENT |

This matter is before the Court on Defendants' Motion to Dismiss and For Summary Judgment. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the filings, as well as relevant caselaw and authority, the Court hereby GRANTS the defendants' motion. The Court issues the following decision.

## BACKGROUND

This action was brought by Carmen K. Rodriguez ("plaintiff"), pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, *et. seq.* The plaintiff alleges that while she was employed as a teacher at Anderson Elementary School her supervisors subjected her to discrimination. Plaintiff was employed by the Guam Domestic Dependant Elementary and

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file." The Court notes that the plaintiff has failed to file any opposition to the motion. Likewise, she was not in attendance at the preliminary pretrial conference before the U.S. Magistrate Judge on June 3, 2005.

Secondary Schools District ("DDESS") from September 1997 until she was terminated for cause on May 16, 2003.

During plaintiff's employment she filed two separate administrative complaints of discrimination. On April 12, 2001, the plaintiff filed her first formal administrative complaint of discrimination. *See* Defendants' Motion, Ex. 3, attached thereto. Plaintiff alleged that she was subjected to a continuing hostile work environment and discriminated against based on race (Chamorro), color (brown), national origin (Chamorro/Hispanic), and reprisal for prior EEO activity. *Id.* On February 13, 2002, by memorandum, DDESS dismissed the plaintiff's complaint for untimeliness. *Id.*, Ex. 4, attached thereto. Plaintiff then appealed that decision to the Equal Employment Opportunity Commission ("EEOC"). The Commission denied the appeal and her request for reconsideration. *Id.*, Ex. 6 and Ex. 7, attached thereto.

Plaintiff filed a second administrative complaint of discrimination in May 2002. *Id.*, Ex. 8, attached thereto. Again plaintiff alleged that she was subjected to a continuing hostile work environment and discriminated against based on sex, race (Chamorro), color (brown), national origin (Chamorro/Hispanic), and reprisal for prior EEO activity. Ultimately, this complaint was dismissed as well. *See* Defendants' Motion, Ex. 16 and Ex. 17, attached thereto.

Thereafter, the plaintiff filed the instant action on June 9, 2004. In her complaint, the plaintiff alleges Title VII Race (Chamorro/Hispanic), National Origin and Gender Discrimination. In her complaint, the plaintiff named as defendants, Mr. Joseph Eugene Masters ("Mr. Masters"), the school principal for Anderson Elementary School and Sharon K. Hall ("Ms. Hall") the assistant principal. In addition to naming her more immediate supervisors, the plaintiff named other present and/or former administrators of the Guam Domestic Dependant Elementary and Secondary Schools District ("DDESS") as defendants. These other individuals included: Douglas S. Kelsey, Susan E. Burdick and Gordon Harmon. On September 21, 2004, the Court ordered the dismissal of all of the named defendants but defendant, Donald Rumsfeld, Secretary of Defense.[2]

---

[2]The defendants state that their Motion to Dismiss filed on August 20, 2004 is still pending. However, they are mistaken, the matter was ruled upon on September 21, 2004. *See* Docket No. 19,

## DISCUSSION

The defendants now move the Court to dismiss the action and to grant them summary judgment. The defendants requests this Court to dismiss the action as pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for plaintiff's failure to state a claim upon which relief can be granted. In this instance, the Court will consider more than the pleadings and will rule on the defendants motion as one for summary judgment. Summary judgment is appropriate when the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988). Moreover, to defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any disputed element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 102 S. Ct. 2548 (1986).

The defendants contend that the plaintiff's claims under Title VII are time-barred because the plaintiff did not file her suit within the applicable statute of limitations. A charge of discrimination must be filled with the EEOC within 180 days of the occurrence of the alleged discriminatory practice. 42 U.S.C. § 2000e-5(e)(1). In addition, a lawsuit must be filed within 90 days after receiving a notice of the EEOC's right-to- sue notice. 42 U.S.C. § 2000e16(c) provides that an employee may file a civil action with the district court within 90 days of receipt of notice of a final agency action.

The burden is on the plaintiff to plead the prerequisites for suit under Title VII. *See Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 626 (9th Cir.1988). Compliance with the 90-day statute of limitations is one of these prerequisites. *Id.* Here, it is clear that the plaintiff did not timely initiate this action. The final administrative decision as to plaintiff's first EEOC complaint was rendered on October 22, 2002. Plaintiff therefore should have initiated this action ninety days after receipt of that order. Allowing five calendar days for receipt of the order, plaintiff should have filed her action by January 25, 2003. She filed the present action on June 9, 2004, some 16

months too late. As to plaintiff's second EEOC complaint, the final decision on the matter was issued on February 18, 2004 and the decision was received by plaintiff on February 26, 2004. *See* Defendant's Motion, Ex. 17. Again, plaintiff filed this action on June 9, 2004, some 14 days after the 90-day deadline. Accordingly, the defendants are entitled to summary judgment on both of these claims.

Even if the plaintiff's complaint was timely filed, summary judgment would still be warranted. In a Title VII action, it is the plaintiff's initial burden to establish a prima facie case of discrimination by a preponderance of the evidence. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). To establish a prima facie case of discrimination under Title VII, a plaintiff must show that she (1) is a member of protected class; (2) was otherwise qualified for the position or satisfactory performance of the job; (3) an adverse employment decision; and (4) different treatment than those similarly situated outside of the protected class." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817 (1973). F.2d 1367, 1371 (9th Cir. 1990). Once the plaintiff has established a prima facie case, the defendant must articulate a legitimate, nondiscriminatory basis for the action. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-253, 101 S.Ct. 1089, 1093 (1981). Should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but a pretext for discrimination. *Id.*

Applying the *McDonnell* factors to the circumstances in this instance, the Court finds the plaintiff has failed to make out a *prima facie* case of discrimination. Although the plaintiff meets the first three prongs - she is a member of protected class, was performing her job in a satisfactory manner, and there was adverse action against the plaintiff, the Court would still be unable to find the fourth prong. The plaintiff has offered no evidence that she was treated differently than those similarly situated outside of the protected class. There is no evidence that she was terminated or treated differently on the basis of her sex, race, color or ethnicity. The defendants claim that the plaintiff was removed from her teaching position because she went AWOL, was disorderly and failed to follow instructions. Plaintiff has not offered any evidence to suggest that these bases were

merely a pretext to discriminate against her. Accordingly, the Court finds that the plaintiff has not established a *prima facie* case of discrimination.

  Plaintiff also alleges she was sexually harassed by the school principal, Mr. Masters. Plaintiff claims that when she first met Mr. Masters in September 2000, he shook and held her hand too long and his eyes traveled to her breasts. In the fall of 2000, plaintiff claims that Mr. Masters told plaintiff she "smelled good" and his eyes went down toward her leg area and she felt he was smelling her. Another incident of alleged sexual harassment occurred at a school district Christmas party in December 2001. Plaintiff contends that Mr. Master was dancing in a lewd manner with another employee.

  To succeed on a sexual harassment hostile work environment, plaintiff must prove each of the following by a preponderance of the evidence: (1) she was subjected to verbal or physical conduct that actually constituted discrimination because of her sex; (2) she subjectively did, and a reasonable woman would, consider this conduct unwelcome; (3) she subjectively did, and a reasonable woman would, find the conduct sufficiently severe or pervasive so as to alter the conditions of employment; and (4) once the defendant was apprised of the standard that the alleged harassing conduct was sufficiently severe or pervasive, the defendant failed to take adequate remedial and disciplinary action. *See Oncale v. Sundowner Offshore Serv. Inc., 118 S. Ct. 998, 1002 (1998); see also Faragher v. City of Boca Raton*, 118 S. Ct. 2275, 2283 (1998).

  Whether an environment is hostile or abusive depends upon a totality of the circumstances, including the frequency and severity of the conduct, whether the sexual comments were mere utterances, and whether the conduct unreasonably interferes with an employee's work performance. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). To be actionable harassment, a reasonable woman must find the conduct sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment. *See Harris*, 510 U.S. at 21-22. The Court finds that the nature of the comments and conduct, while perhaps deemed offensive by the plaintiff, simply do not rise to a level of severity and pervasiveness of sexual harassment. Without more evidence, the Court simply cannot find otherwise.

  The plaintiff also makes a claim for retaliation. The plaintiff attempts to create a causal link

between her filing prior EEOC complaints and his two-year debarment. To prove a prima facie case of unlawful retaliation, a plaintiff must establish that (1) she engaged in a protected activity, (2) she suffered adverse employment action, and (3) a causal link exists between the two events. *Trent v. Valley Electric Assn.*, 41 F.3d 524, 525 (9th Cir.1994). The plaintiff must establish that "but for" plaintiff's protected activity, she would not have suffered the adverse employment action. The ultimate burden is to prove by a preponderance of the evidence that engaging in the protected activity was one of the reasons for the adverse action and that but for such activity the plaintiff would not have been subjected to the action. *Kauffman v. Sidereal Corp.*, 695 F.2d 343, 345 (9th Cir.1982) (citations omitted). The plaintiff makes no such showing. She has not presented any evidence linking her prior EEOC filing to her termination. Accordingly, the Court finds that the plaintiff has failed to meet her burden of showing that the defendant retaliated against her for engaging in protected activity.

## CONCLUSION

Upon consideration of the foregoing, the Court finds that the plaintiff has failed to raise a genuine issue of material fact with regards to her claims. Accordingly, the Court hereby GRANTS the defendants' Motion for Summary Judgment on all causes. Additionally, all subsequent hearing and trial dates scheduled are hereby vacated.

SO ORDERED this _____ day of July, 2005.

Judge Robert M. Takasugi*
United States District Judge

Notice is hereby given that this document was entered on the docket on JUL 12 2005. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ JUL 12 2005
Deputy Clerk        Date

---

*The Honorable Robert M. Takasugi, United States Senior District Judge for the Central District of California, by designation