

FILED
DISTRICT COURT OF GUAM
SEP 12 2005
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## TERRITORY OF GUAM

| | |
|---|---|
| CARMEN K. RODRIGUEZ,<br>　　　　Plaintiff,<br><br>vs.<br><br>DONALD H. RUMSFELD,<br>SECRETARY OF DEFENSE AND<br>DEPARTMENT OF DEFENSE<br>SCHOOLS, et al.,<br>　　　　Defendants. | CIVIL CASE NO. 04-00029<br><br><br>NOTICE OF APPEAL |

　　　Pursuant to Federal Civil Judicial Procedures and Rules, Rule 4 (a)(1)(B) the plaintiff is entering a Notice of Appeal before the court. Plaintiff feels she needs legal assistance for guidance in the legal process because she can no longer afford any attorneys. She presently is still indebted to two attorneys. The plaintiff is very interested in pursuing this very important case and is willing to take this case through the appeals process but needs professional guidance in the form of a person who can make sense of all the legalese. Facing her accuser again has only caused her to relive that traumatic event over and over again preventing any hopes of healing.

　　　The plaintiff finds it extremely difficult to be objective during an extremely emotional time and needs the help of a professional who has not been traumatized to be the subjective one to pull this case through. What the plaintiff is being asked to do is like asking the victim of a rape to represent herself against the rapist. The plaintiff is forced to face her assailant in open court and be strong enough to give citations and act as if nothing happened. How is that possible? Although the handbook for pro se litigants is a good

resource, it does not provide enough information to carry the litigant from beginning to the end. The plaintiff is suffering from Post Traumatic Stress Disorder directly related to the terrorizing and the assault incident and has trouble coping with having to relive the incident every time something reminded her of principal Joseph E. Masters. So long as he eluded the Guam Police, to the plaintiff she feels unsafe because Masters was still allowed to roam about as he pleased while she had to severely curtail her lifestyle.

The plaintiff has asked for legal assistance from the Court and has been declined. The plaintiff finds it quite ironic that the accused (Principal Joseph E. Masters, school principal of Andersen Elementary School, Sharon K. S"Sherry" Hall, assistant principal, Gordon Harmon, District Superintendent Office Personnel Manager, Susan E. Burdick, assistant superintendent, and Douglas S. Kelsey, acting superintendent have the luxury of at least three highly experienced attorneys, Leonardo M. Rapadas, United States Attorney, Mikel W. Schwab, assistant U.S. attorney, and Robert E. Sutemeier, associate general counsel, while the plaintiff has none.

This is clearly unfair. In the interest of justice, it should be that the plaintiff should be assigned an attorney who is similarly well versed in handling federal cases. The plaintiff has no legal experience and is therefore trying to establish a case in which there is a plethora of legal information that she has to decipher. She may as well be reading, decoding, and translating hieroglyphics. All this has created more confusion because this case is rather magnanimous and overwhelming because of the violent and traumatic experience the plaintiff is still currently undergoing. It is general knowledge that tremendous stress has caused severe asthma attacks which is a life-threatening disease. It has been said that the plaintiff is on disability and has already provided to the court that she is receiving approximately $700 per month for disability from Social Security. Surely, the court does not expect the plaintiff to stretch these meager dollars to encompass her living expenses as well as court costs and other court related expenses, and be able to send any money to her daughter in the states whom she was regularly supporting until May 2003.

The plaintiff will be able to prove to the court, given the opportunity, that removal from the agency was pretextual, that that Administrative Judge Emily K.

McMillan made her decision based upon false information and outright perjured statements. All that the plaintiff is asking for is simple: Let the plaintiff have her day in court and let it be before her peers. Let any doubts be put to rest. Court decisions were based on what the agency presented.

The court needs to grant the plaintiff the opportunity to reveal the widespread corruption and discrimination in which every DoDEA official named had a hand in, including attorney Robert E. Sutemeier. Reprisals were frequent as the plaintiff reported waste, negligence and abuse to higher authorities and should have been protected by the whistler Blower's Act but was not. If the agency has nothing to fear, then we should see each other in court with or without a court-appointed attorney for the plaintiff.

The plaintiff will prove that Principal Joseph E. Masters, single-handedly and in most cases, along with assistant principal Sharon K. Hall, did the following:

1) Dismantled the Reading Program and left some 60 children with remediation challenges to fend for themselves for 6 months. Many were ill-prepared to take the Nationwide TerraNova test because of this. TerraNova test scores went down and principal Masters asked the teachers why do they think that the scores dropped. In a meeting, one of the teachers, Fe Lamorena Barrett boldly told Masters, "Because the Reading Program was dropped." Plaintiff ran the program. This is a direct slap in the face to President George W. Bush's education policy of Leave No Child Behind. The Reading Program has been in operation ever since SY 1998-2001 under the former principal Joseph Caruselle, who was also the Distinguished Principal of the Year.

2) Forced the plaintiff to take a position that she was not certified for and then requested that she provide a certificate for it even after she told them that she was not certified for the position. According to the Master Labor Agreement it says that a teacher can be removed if not certified. This was the red flag that told the plaintiff she was being set up on purpose to be dismissed. Other teacher colleagues agreed. Since this was a major alert, the plaintiff was extremely cautious about

continuing to perform her duties at her best.

3) Attempted to cancel the Reading Is Fundamental (RIF) program which was paid for by federal funds. When the program had not started the way the contract was written, the RIF coordinator was concerned and this was reported to RIF headquarters during a status call to Michelle ~~Margeret~~ Hynes, Book Manager of Reading Is Fundamental. The plaintiff was not protected under the Whistler Blower's Act. Instead, she was subjected to continued reprisals. The plaintiff reported several concerned issues of mismanagement of funds and abuse of authority to Dr. Tom, Superintendent, Dr. Nancy Bresell, and Dr. Joseph Tafoya, DoDEA Director.

4) Gordon Harmon failed to resubmit my claim for Workman's Compensation even though I brought a witness, Ms. Maria B. Dooley on February 14, 2003. Instead, on February 18, I received my proposed letter of removal from Dr. Susan Burdick.

5) Dr. Susan Burdick, who was the DoDEA official who signed the proposed letter of removal ~~is also~~ has been reported for telephonic harassment by the plaintiff on December 05, 2002 which is close to the day of the proposed letter.

6) Douglas Kelsey, the acting superintendent at the time was also the reviewing official who signed Jane Chop's evaluation in another EEO case.

7) All the names listed above had motive for reprisal and therefore acted on an accelerated adverse action against the plaintiff based on false statements.

8) Ms. Webster, my student Danney's mother, was only one parent who the agency claimed was harassed although during the Merit hearing she never claimed the plaintiff harassed her. She even gave the plaintiff her email. Why would anyone who claims to be harassed continue a conversation for 45 minutes and then give her email? The agency

provided a false statement once again.

9) The plaintiff ordered the books with her own money and the books were gifts to the students in honor of the children who died during the September 11th tragedy.

10) Unsolicited student letters were written proving Masters not the plaintiff was extremely disorderly. Jesse Bacani sang, "Mr. Masters is going to jail, Mr. Masters is going to jail." out loud in class.

11) One of my twin students stayed after school and missed the bus purposefully because she was afraid Masters would come back to hurt me. Imagine that. She risked sending her sister home to take care of me. She was very traumatized by the incident.

There's more but I am very limited in time.

Respectfully submitted this 12th day of September, 2005.

*Carmen Rodriguez*
Carmen Rodriguez, Pro Se

CARMEN K. RODRIGUEZ V. DONALD H. RUMSFELD et al
Civil Case No. 04-00029